RUSSELL v. MOHR-WEIL LUMBER COMPANY.

ATKINSON, J. 1. Upon the hearing of an attachment proceeding instituted for the purpose of punishing one who is alleged to have violated a restraining order granted by a court having competent jurisdiction of the person and subject-matter, but in the grant of which it proceeded erroneously, the validity of the court's action in originally granting such restraining order can not be collaterally called in question. Such an order is binding upon the party restrained, until reversed, set aside, or modified by the court granting it, and a disobedience of the direction expressed in such order affords ground for an attachment as for a contempt.

2. The order granted in the present case resulting, if enforced, in a dispossession of the defendant and the admission of the plaintiff into possession of the premises in controversy, amounted to, and was, the legal equivalent of a mandatory injunction, and, being granted in the first instance without giving to the person against whom it was directed an opportunity to be heard, was manifestly erroneous, even if, under the rules of practice in equity cases as they exist under our code, injunctions of that class can be granted at all.

3. For a single act of contempt, as distinguished from continuing contempts, courts have no authority to order imprisonment for a term longer than twenty days; and in view of the fact that, according to the record in the present case, the sentence imposed exceeded the limit authorized by law, and in view of the further fact that the order violated was manifestly erroneous, bore with undue harshness upon the defendant, that its enforcement was resisted upon the advice of counsel, which, whether wisely given or not, was acted upon in good faith, direction is given, that the defendant be resentenced, and that the presiding judge, in view of the considerations above expressed, reduce the penalty, if in his opinion, upon a re-examination of the case, so doing will consist with the ends of justice and the proper enforcement of the law.

*Judgment affirmed, with directions.     All the Justices concurring.*

Argued April 21,—Decided May 22, 1897.

Attachment for contempt.    Before Judge Smith.    Wilcox county.    January 25, 1897.

*Cutts & Lawson*, for plaintiff in error.
*L. C. Ryan* and *E. H. Williams*, contra.