### JOHNSON *v.* STANCLIFF, receiver.

1. An answer in the nature of a cross-bill which sets up matters of defense not germane to the case made by the plaintiff's petition is not maintainable.
2. In view of the pleadings filed in the present case, and of the facts disclosed on the hearing thereof, the trial judge gave to it the proper direction.

Argued June 6, — Decided July 19, 1901.

Equitable petition.  Before Judge Candler.  DeKalb superior court.  August 22, 1900.

*Burton Smith, J. W. Moore,* and *J. D. Kilpatrick,* for plaintiff in error.

*King & Anderson, L. W. Thomas,* and *W. W. Braswell,* contra.

LUMPKIN, P. J.  The National Railway Building and Loan Association, claiming to be the owner in fee simple of a certain tract of land, instituted a summary proceeding to eject Johnson therefrom as an intruder.  He met this proceeding with a counter-affidavit.  Subsequently the plaintiff filed an equitable petition against Johnson, in which, after setting forth the facts with regard to the pending action, it was in substance alleged: (1) that Johnson was wholly insolvent and unable to respond to any judgment which might be obtained against him for the rent of the premises; (2) that he was committing waste by cutting and marketing the timber thereon; and (3) that there were different persons who desired to rent portions of the land for the ensuing year, and "if rented at all, it must be done within a few weeks, as in that time all desirable tenants will have secured homes for another year."  The plaintiff prayed that a receiver be appointed to take charge of the land in controversy pending the litigation; that Johnson be required to yield possession to the receiver, and be enjoined from in any wise interfering with the property; and that the receiver should hold the proceeds derived from the renting of the same subject to the order of the court.  Johnson filed an answer in which he denied that he was insolvent and in which he alleged that he was in possession of the premises under a claim of right as the tenant of another.  He afterwards offered two amendments to his answer, the contents of which will be hereinafter briefly stated.  To both the original answer and the amendments thereto the association demurred.  Subsequently, upon a receiver being appointed to take charge of its affairs, he was made a party to the case, and adopted as his own the pleadings theretofore filed by the association.  At the interlocutory hearing of the case the court appointed a receiver to take charge of the land in controversy.  At the final hearing the demurrer interposed to Johnson's original answer was overruled, but the amendments thereto were stricken.  The plaintiff thereupon filed an amendment, in the nature of a supplemental bill, averring that the statu-

tory proceeding to eject Johnson as an intruder had been tried in the superior court and finally disposed of by the rendition of a verdict and judgment against him, whereby it was determined that he was an intruder and that the plaintiff was entitled to the possession of the premises in dispute. It was accordingly prayed that the receiver appointed to take charge of the same and collect the rents and profits arising therefrom be directed to turn over to the plaintiff the funds in his hands, and that, upon his so doing, he be discharged and further proceedings in the case be suspended. Upon considering this amendment, together with the record of the statutory action therein referred to, the court gave to the pending case the direction prayed for. Johnson subsequently sued out a bill of exceptions in which he assigned error upon the action thus taken by the court, as well as upon its ruling sustaining the plaintiff's demurrer to the amendments which he had filed to his original answer. The case necessarily turns upon the question whether or not these amendments were properly stricken.

1. The defense thereby sought to be interposed was, in substance, as follows: The association claimed title under a deed from one Alice J. Mehaffey, given to it to secure loans made to her at usurious rates of interest, and such deed was therefore void. Johnson was a bona fide judgment creditor of Miss Mehaffey, and the only property owned by her which was subject to his judgment was the property in question. Accordingly, his claim against her was superior to that held by the association, and he was entitled to have the property sold in order that he might realize upon his judgment. Among other objections urged against this proposed defense was one which was certainly well taken, viz.: that the matters thus set up were not germane to the issue in controversy, which was whether or not Johnson was an intruder and was wrongfully withholding from the association the possession of the land in dispute. It is manifest that Johnson's alleged rights as a creditor could not properly be pleaded in justification of any wrong which, as a mere intruder, he may have committed. He was called upon by the plaintiff to assert whatever claim of right, if any, he had to the possession of the premises. His reply that, as a creditor of a common debtor, he had a right to have the land sold and the proceeds thereof first applied to the payment of his judgment, was not responsive to the plaintiff's petition, had not the slightest bearing upon the

issue in controversy, and afforded no basis for any prayer for counter relief against the association. See *Ray* v. *Investment Co.*, 106 *Ga.* 495–6, and authorities cited.

2. As, prior to the final hearing of the case, that issue had been definitely settled adversely to Johnson by a judgment rendered in the statutory proceeding originally instituted by the association, nothing remained for the court to do save to direct what disposition should be made of the fund in the hands of its receiver. It does appear that, after the plaintiff's equitable petition was filed, Johnson "did not further defend the common-law case, and was not present or represented when judgment was taken." But this does not alter the fact that he was conclusively bound by that judgment, nevertheless. The disposition made of the equitable proceeding was proper, and in no way injuriously affected the rights of the defendant in the premises.

*Judgment affirmed. All the Justices concurring.*