## GLOVER *v.* NEWSOME.

An interlocutory injunction which, if enforced, would result in the dispossession of the defendant and the admission of the plaintiff into possession of the premises in controversy, is in legal effect a mandatory injunction; and the relief afforded by this injunctive order is not, under our law, within the proper scope of the writ of injunction.

APRIL 18, 1910.

Injunction. Before Judge Meadow. Glascock superior court. November 29, 1909.

*Isaac S. Peebles Jr.,* for plaintiff in error.

*J. C. Newsome* and *B. F. Walker,* contra.

BECK, J. Laura E. Newsome brought her equitable petition against J. M. Glover, alleging that she was the owner in fee simple of a certain lot of land containing one acre, more or less, in the town of Gibson, upon which there was a dwelling-house and certain other described improvements. The muniment of petitioner's title consisted of a deed from the defendant, executed on the 27th day of November, 1901. It was further alleged, that petitioner had held possession of the property from that date to the 2d day of October, 1909; that on the first day of October, 1909, a tenant of petitioner moved from and vacated the premises, and, during the night following, the defendant, without petitioner's knowledge or consent, moved into the house on said lot and established there his family and household goods; that he still holds possession of the land thereon without any right or authority; that the defendant is insolvent; and that by reason of the occupancy of the building by defendant petitioner is unable to procure insurance on the building. The defendant claimed that he had title to the property in controversy, and that the deed from himself to petitioner, referred to above, was void for uncertainty. The prayers of the petition were, for a judgment ejecting the defendant from the premises and restoring them to petitioner, and for damages for the illegal use

and occupation of the property; and that the defendant, his agents, and employees be enjoined and restrained from in any way using the lot of land or dwelling-house thereon or any of the improvements. Upon the interlocutory hearing the court ordered that the said "defendant, his family, agents, and employees be enjoined and restrained from using, occupying, or in any way interfering with the house, lot, barn, well, garden lot, and other improvements on the lot described and set out in plaintiff's petition, and that they also be enjoined and restrained from interfering with possession of such property until the further order of this court."

It is clear, from a reading of the foregoing order of the court, that the legal effect of the same, if enforced, would be the dispossession of the defendant and his ejection from the premises in controversy, and the admission of the petitioner, who claimed title to the property, into possesssion thereof. Such an order was, in legal effect, a mandatory injunction. *Russell* v. *Mohr-Weil Lumber Company*, 102 *Ga.* 563 (29 S. E. 271). And in the case of *Vaughn* v. *Yawn*, 103 *Ga.* 557 (29 S. E. 759), it was ruled: "The office of an injunction being, under the code of this State, merely to restrain and not to compel performance of an act, this remedy is not available for the purpose of evicting a party from the actual possession of land, the right to which is in dispute between himself and another; and consequently such a result can not be indirectly accomplished by an order restraining the party so in possession 'from further interfering with said lot of land, house and crop' thereon. Such an order, being mandatory in its nature, would afford relief not within the proper scope of the writ of injunction. Civil Code, § 4922." Under the decisions in these cases and others where this court has made similar rulings, the court below erred in granting the interlocutory injunction complained of.

*Judgment reversed. All the Justices concur.*