## MARSHALL *v.* MATTHEWS.

ATKINSON, J. If an owner of a farm employs another person to superintend the farm, and, in order to facilitate the services to be rendered, provides a house on the farm in which the superintendent shall reside, and in addition to a monthly salary agrees that the superintendent shall use vegetables and other food products grown and produced on the farm, the relation of employer and employee arises, but the relation of landlord and tenant does not arise between them relatively to the house or the farm. If the employer discharges the employee, with or without cause, before the term expires, it is the duty of the latter to leave the premises and remove his personal goods therefrom. If he refuses to do so and persists in continuing to stay on the premises and live in the house over the objection of the employer, he is a trespasser, and his continuing trespass may be enjoined. *Mackenzie* v. *Minis*, 132 *Ga.* 323 (63 S. E. 900, 23 L. R. A. (N. S.) 1003, 16 Ann. Cas. 723).

(a) Under the pleadings and the evidence it was erroneous for the judge, after enjoining the employee from interfering with the farm, to re-

fuse to enjoin him from occupying the house with his goods and using the vegetables and other products grown on the place.

*Judgment reversed. All the Justices concur.*

No. 1530. SEPTEMBER 4, 1919.

Injunction. Before Judge Searcy. Monroe superior court. June 14, 1919.

*Feagin & Hancock,* for plaintiff.

*Willingham & Willingham,* for defendant.