## TRUDIE TURPENTINE COMPANY *v.* PEARSON.

1. Under the pleadings and the evidence it was not error to refuse a temporary injunction to prevent the defendant from plowing and cultivating the land "around and adjacent to" certain houses situated on the alleged leased land.
2. It was error, on the allegations and prayers of the cross-petition and the conflicting evidence, to enjoin the plaintiff from further occupying a designated house as part of the leased premises.

No. 4416.   DECEMBER 15, 1924.

Petition for injunction.   Before Judge Summerall.   Bacon superior court.   May 10, 1924.

*W. B. Gibbs* and *Raymond Pierce,* for plaintiff.

ATKINSON, J.   The Trudie Turpentine Company, claiming as sublessee of "about ten acres of lot of land number 33 in the second district of Brantley County, Georgia, known as the still quarters, . . and a portion of said quarters being on lot No. 131," brought an action against J. A. Pearson, seeking an injunction to prevent the defendant from "ploughing up" and cultivating the land "around and adjacent to the house and shanties" situated on the alleged leased land.   The petition alleged that the plaintiff was engaged in the manufacture of turpentine, and that the shanties on the leased premises were occupied by the plaintiff's employees who desired to raise chickens, and that the employees, in order to avoid trouble with the defendant on account of their chickens ranging upon the cultivated lands, were threatening to move away, and that the loss of the services of such employees would cause the plaintiff's irreparable injury.   The defendant filed an answer in the nature of a cross-petition, denying that he intended to cultivate any of the leased premises, and alleging that the plaintiff was in possession of a certain dwelling-house known as the Gray house, which was no part of the leased premises; and praying that the plaintiff be enjoined from further occupying such

house. At an interlocutory hearing the judge heard evidence by affidavits, and admitted the lease which included: "Also a certain lease for eight years from January 1st, 1922, on about 10 acres of lot of land No. 33 in the second district of Brantley County, Georgia, known as the still quarters at Trudie, Georgia, and a portion of said quarters being on lot No. 131 in said Brantley County, Georgia, whereon are located a turpentine-still, commissary, mule lot, dwelling-house, and six shanties." It appeared from such evidence that the leased premises was not an exact quantity of land, and that no definite boundary lines for the tract had been specified. The evidence was conflicting as to the exact boundaries of the land, and as to whether the defendant's cultivation would include any part of the leased premises, and as to whether the Gray house was a part of the leased premises.

1. In these circumstances the judge did not err in refusing a temporary injunction as prayed for by the plaintiff.

2. It was erroneous for the court, on the allegations and prayers of the cross-petition and the evidence relating thereto, to enjoin the plaintiff in the main action from further occupying the Gray house. *Brown* v. *Toole,* 150 *Ga.* 196 (103 S. E. 226) ; *Wilkes* v. *Folsom,* 149 *Ga.* 512 (101 S. E. 185) ; *Glover* v. *Newsome,* 134 *Ga.* 375 (67 S. E. 935). The case differs from *Marshall* v. *Matthews,* 149 *Ga.* 370 (101 S. E. 577), in which the possession was not that of a technical lessee.

*Judgment affirmed in part, and reversed in part. All the Justices concur.*