## ENGLISH v. LITTLE et al.

ATKINSON, J. 1. The superior courts of this State, on the trial of any civil case, shall give effect to all the rights of the parties, legal or equitable, or both, and apply on such trial remedies or relief, legal or equitable, or both, in favor of either party, such as the nature of the case may allow or require. Civil Code (1910), § 5406.

2. In suits in the superior court, founded on a legal or equitable cause of action, for a legal or equitable remedy or both, the petition shall be addressed to the court and shall set forth the cause of action, legal or equitable or both, and the claim for legal or equitable relief or remedy or both, plainly, fully, and distinctly. Civil Code (1910) § 5514.

(a) Rescission and cancellation are proper subjects of equitable cognizance, under general principles relating to equity jurisdiction.

(b) Since passage of the statute as embodied in § 5406, supra, an action for land may be included in a petition for equitable relief. In this connection see Hunter v. Bowen, 137 Ga. 258 (73 S. E. 380), in which it was said: "The petition was in the nature of an equitable action of ejectment. The plaintiff prayed for a decree declaring the title to be in him, and to enjoin the defendant from interfering with the premises. The defendant was alleged to be in possession, and the plaintiff sought to have him deliver up possession to the receiver, who was to turn over the land to him in the event that he prevailed. A suit of this character is substantially the equivalent of an action of ejectment."

3. A tenant can not dispute his landlord's title, nor attorn to another claimant while in possession. Civil Code (1910), § 3698.

4. The petition was not subject to general demurrer upon any ground stated.

(a) In substance the petition complains of continuing breaches of the contract in selling oil and gas other than that designated by the petitioner, for which injunction is prayed. The mere misnaming of the breaches of contract, by calling them repeated trespasses, will not render the petition demurrable.

(b) The allegations that said "acts of the defendants constitute repeated trespasses" were subject to special demurrer; and as there will be a reversal of the judgment sustaining the general demurrer, direction is given that this ground of special demurrer be sustained, and that these allegations be stricken from the petition.

---

Actions, 1 C. J. p. 1060, n. 9; p. 1088, n. 53; p. 1090, n. 87.

Appeal and Error, 4 C. J. p. 649, n. 36; p. 650, n. 37.

Cancellation of Instruments, 9 C. J. p. 1159, n. 6.

Courts, 15 C. J. p. 986, n. 54.

Ejectment, 19 C. J. p. 1030, n. 15; p. 1106, n. 62 New.

Equity, 21 C. J. p. 447, n. 42, 43; p. 448, n. 44.

Injunctions, 32 C. J. p. 124, n. 83; p. 131, n. 51; p. 132, n. 53 New; p. 136, n. 85; p. 187, n. 57.

Landlord and Tenant, 35 C. J. p. 1247, n. 99; p. 1248, n. 2; p. 1249, n. 46; 36 C. J. p. 95, n. 43; p. 96, n. 47.

Pleading, 31 Cyc. p. 92, n. 97; p. 111, n. 3; p. 280, n. 97; p. 637, n. 7.

5. Injunction is not generally a remedy to evict a defendant from possession of land and put the plaintiff in possession. *Glover* v. *Newsome*, 134 *Ga.* 375 (67 S. E. 935) ; *Brown* v. *Toole*, 150 *Ga.* 196 (103 S. E. 226) ; *Burns* v. *Hale*, 162 *Ga.* 336 (133 S. E. 857) ; *Trudie Turpentine Co.* v. *Pearson*, 159 *Ga.* 387 (125 S. E. 862). This rule does not apply where the defendant is a mere employee of the plaintiff, and not a technical lessee. *MacKenzie* v. *Minis*, 132 *Ga.* 323 (63 S. E. 900, 23 L. R. A. (N. S.) 1003, 16 Ann. Cas. 723) ; *Marshall* v. *Matthews*, 149 *Ga.* 370 (100 S. E. 103). Injunction is an appropriate remedy in a proper case to prevent acts in violation of contract, producing irreparable injury to the plaintiff, or to prevent a tenant from wilfully injuring a rented building.

6. The petition does not disclose on its face any forfeiture by the plaintiff of his right to the property.

7. As the judgment dismissing the petition on demurrer will be reversed, it becomes unnecessary to make any rulings upon the assignments of error relating to the order appointing the judge pro hac vice, and his jurisdiction to hear the demurrer while the case was pending in the Supreme Court on exception to a judgment granting a temporary injunction, or relating to the question as to the conclusiveness of the judgment granting the temporary injunction.

*Judgment reversed. All the Justices concur.*

ON MOTION FOR REHEARING.

The ruling that "The petition was not subject to general demurrer upon any ground stated" was not a ruling that the defendants are subject to be evicted from the premises by writ of injunction. If an equitable petition seeks several forms of relief and alleges a cause of action for any part of the relief sought, it will not be subject to dismissal on general demurrer. *Carolina Construction Co.* v. *Branch*, 164 *Ga.* 837.

No. 5658. SEPTEMBER 19, 1927. REHEARING DENIED SEPTEMBER 29, 1927.

Equitable petition. Before B. F. Walker, judge pro hac vice. Jefferson superior court. August 25, 1926.

On April 24, 1924, Roger D. Little entered into a written contract leasing described realty in Louisville, Georgia, to E. N. Willie for a term of ten years beginning June 1, 1924, and providing that the lessee shall have the right of renewal at the expiration of said ten years, provided that 12 months prior to such time he shall notify the lessor in writing of his intention to renew the lease for a second term. The use to be made of the property was "for a gasoline and oil-filling station, and for the purpose of handling automobiles and automobile accessories and supplies, and kindred purposes legitimately connected therewith, and for no other purposes." It was provided, that if the property should be used for any other purpose the lessor shall have an option to terminate the lease; that the lessee "agrees to erect on said lot a modern filling-station, which will be in compliance with the fire-protection regu-

lations of the city;" that at "the expiration of the term of the lease the building and fixtures on said property shall be and become the property of the lessor, or the then owners of the real estate upon which the same is located, but all equipment and attachments which are not a part of the realty shall be property of the lessee or his assigns;" and that "either party to this lease shall have the usual right of assignment or transfer, the assignee or transferee taking subject to all of the terms herein stated." On May 9, 1924, the lessee executed a written instrument assigning the lease, together with all his rights, powers, and privileges under it, to F. A. English, the latter agreeing to perform and carry out all of the terms and conditions imposed upon E. N. Willie. On the day of such assignment F. A. English entered into another written contract with E. N. Willie, whereby the former agreed to sublease to the latter the said realty with a modern brick-veneer filling-station, fully equipped with pumps and tanks," which the former "is erecting and will erect" on the lot. The contract contained also the following: "And whereas the said tenant is engaging in the business of selling gasoline and oil and other automobile accessories and supplies in the City of Louisville, Georgia, now therefore, in consideration of the foregoing premises and in consideration of one dollar paid by the said tenant to the said landlord, the receipt whereof is hereby acknowledged, and in the further consideration that the said tenant will sell and use only in said filling-station such gasoline and oil as may be designated from time to time by the said landlord for a term of twelve months, beginning June 1st, 1924, and ending May 31st, 1925. At the expiration of the term of rental hereinabove specified, the said tenant shall have the right to renew said rental contract for another term of twelve months, by complying with the covenants and conditions hereinabove specified, and said right of renewal shall continue from year to year upon the same term and conditions as hereinabove specified for a term of ten years from June 1st, 1924, and so long thereafter as the said landlord or his assigns are the owner as lessee of the property hereinabove specified."

In pursuance of the last-mentioned contract English erected on the property, at an expense of approximately $2500, a modern brick-veneer filling-station fully equipped with pumps and tanks and such other equipment as is usual or necessary to operate a

gasoline and oil station and for handling gas, oil, and automobile accessories. The principal inducement of English in making the expenditures above mentioned and entering into the last-mentioned contract was the agreement of E. N. Willie "to vend only such products as were sold by dealers designated and named by" English, it being his expectation "to obtain from wholesalers a commission upon all oils and gas handled by the said E. N. Willie in said station." After making the said contract with E. N. Willie and the improvements above mentioned, R. E. Little, illegally claiming that English had forfeited the lease and his right to occupy the premises, obtained from E. N. Willie, tenant of English, surrender of the property, after which he rented the property to Roy Willie, the son of E. N. Willie, all of which was a conspiracy upon the part of Little and the Willies to oust English from the property and to engage in selling "other oil and gas at said filling-station than those of dealers designated by" English. Roy Willie after taking possession engaged in selling and handling at said station oil and gas other than the products of dealers designated by English to be sold at that place as provided should be sold there in the contract with E. N. Willie. F. A. English on February 24, 1926, instituted an action against Roger D. Little, E. N. Willie, and Roy Willie. The petition with the exhibits attached thereto alleged all that is stated above, and that the said acts of the defendants "constitute repeated trespasses," and that the damage resulting therefrom is irreparable "and incapable of computation in money." It was further alleged that the defendants have threatened to tear out of the building the pumps and tanks placed therein by petitioner, and to install other pumps and tanks owned by other dealers, for the purpose of handling products of such other dealers. The prayers were: (a) For injunction to prevent Roy Willie from continuing to occupy the premises as tenant of Little, and from continuing to sell and vend upon said premises other gas and oil than the products of those dealers named by petitioner; also to prevent the defendants from removing any of the pumps and tanks placed in the building by petitioner, or from in any wise interfering or attempting to interfere with petitioner's possession. (b) That the court decree the contract between petitioner and E. N. Willie rescinded on account of breach by E. N. Willie in surrendering the property to Little. (c) That the court decree that

petitioner has exclusive right to possession of said premises as against all of the defendants. The petition was amended by alleging that Roy Willie was insolvent and unable to respond to any judgment for damages that might be rendered against him in the case.

The defendants filed a joint demurrer to the petition, on the following grounds: "1. There is no equity in the bill and no cause of action set out against these defendants. 2. Because the injunction sought in the above-stated case would be mandatory in its nature, and is not the remedy the plaintiff should adopt under the allegation of fact made by him. 3. Because there is a misjoinder of causes of action and parties defendant, in that different causes of action are set out against each defendant, to wit: (a) The plaintiff seeks to cancel a contract alleged to have been made by the plaintiff with E. N. Willie, and with which the other two defendants have no concern. (b) The petitioner seeks to evict Roy Willie from the possession of said filling-station, and is a matter with which the other two defendants have no concern. (c) The plaintiff seeks to join an action ex delicto with one ex contractu, to wit: the action seeking a cancellation of the contract with E. N. Willie is one ex contractu, and the action seeking to evict Roy Willie and gain possession of the filling-station is an action ex delicto. 4. Demurring especially, the statement in paragraph eight of the petition, that 'The said defendants have confederated and conspired to oust your petitioner from the premises,' is too general a statement, and is merely a conclusion of the plaintiff, based upon no fact alleged in the petition. 5. The further statement in paragraph eight of the petition, that 'The acts of defendants constitute repeated trespasses,' is too general a statement and is [a] conclusion of the plaintiff, based upon no facts alleged in the petition. Defendants further demur especially to the statement in paragraph eleven, to the effect that defendants, 'have illegally claimed that the rights of petitioners have been forfeited,' is too general a statement, and is a conclusion of the plaintiff and is based upon no facts alleged in the petition." On account of disqualification of the judge, the clerk appointed a judge pro hac vice, who upon a hearing of the case on demurrer passed the following order: "My judgment and construction of the plaintiff's petition is that

it seeks a mandatory injunction; and I therefore sustain the demurrer."

*E. W. Jordan* and *A. R. Wright,* for plaintiff.

*R. G. Price, M. C. Barwick,* and *Roy V. Harris,* for defendants.