BOND *v.* HARRISON, executor, *et al.*

No. 9096.   FEBRUARY 23, 1933.

*Brown & Brown,* for plaintiff.

*Tye, Thomson & Tye* and *Haas & Gambrell,* for defendants.

RUSSELL, C. J.   (After stating the foregoing facts.)   The merit of two points presented by the bill of exceptions is to be determined

by two principles of law which we think quite well settled. Without particular reference, therefore, to all the matters referred to in the statement of facts, it is enough to say that the essential facts may be sufficiently stated by saying that the order of the judge "that the plaintiff, and her husband, George H. Bond, vacate the premises above described, on or before the 16 day of April, 1932; and in the event the premises are not vacated on or before said date, the sheriff of Fulton County is hereby ordered and directed to remove the plaintiff and the said George H. Bond, and all their belongings, from said premises; and it is further ordered that the defendants or their agents or representatives be placed in possession of said premises," constituted a mandatory injunction, not authorized by law. It is true, as appears from the bill of exceptions, that on motion of plaintiff's attorney the order of April 7 was amended by striking the provision "that the defendants or their agents or representatives be placed in possession of said premises." However, this did not relieve the order from being mandatory as to evicting the plaintiff from her home, of which she was in possession. This portion of the order is thus made a substitute for a warrant to dispossess the tenant. In *Glover* v. *Newsome,* 134 *Ga.* 375 (67 S. E. 935), it appeared that "Upon the interlocutory hearing the court ordered that the said 'defendant, his family, agents, and employees be enjoined and restrained from using, occupying, or in any way interfering with the house, lot, barn, well, garden lot, and other improvements on the lot described and set out in plaintiff's petition, and that they also be enjoined and restrained from interfering with possession of such property until the further order of the court.'" In delivering the unanimous opinion of the court, Mr. Justice Beck said: "It is clear, from a reading of the foregoing order of the court, that the legal effect of the same, if enforced, would be the dispossession of the defendant and his ejection from the premises in controversy, and the admission of the petitioner, who claimed title to the property, into possession thereof. Such an order was, in legal effect, a mandatory injunction. *Russell* v. *Mohr-Weil Lumber Company,* 102 *Ga.* 563 (29 S. E. 271)." In *Beck* v. *Kah,* 163 *Ga.* 365 (136 S. E. 160), it was said: "'An injunction can only restrain; it can not compel a party to perform an act.' An injunction dispossessing one party and admitting another to possession is equivalent to a mandatory injunction. Injunction is not available

for the purpose of accomplishing an eviction, or to prevent interference with realty by one already in possession." In the *Beck* case, supra, it was said: "Beck had not surrendered possession, whether his possession was lawful or wrongful, or even though he had made preparations to find another place of abode in such an eventuality of being evicted. For that reason the injunction was mandatory, and therefore unauthorized by law. An order enjoining Beck from interfering in any way with Kah's occupancy, use, or possession of the premises in dispute is nothing more or less than an equivalent of an order to Beck to remove at once from the premises." In the present case there was a direct order to the petitioner to remove within eight days from her home, and upon her failure to obey this order the sheriff of Fulton County was ordered to "remove the plaintiff and the said George H. Bond, and all their belongings, from said premises." Even an order restraining a party in possession "from further interfering with said lot of land, house, and crop thereon," was held to be mandatory, in *Vaughn* v. *Yawn,* 103 *Ga.* 557 (29 S. E. 759). Judge Little, delivering the opinion of the court, said: "The office of an injunction being, under the Code of this State, merely to restrain and not to compel the performance of an act, this remedy is not available for the purpose of evicting a party from the actual possession of land, the right to which is in dispute between himself and another; and consequently such a result can not be indirectly accomplished by an order restraining the party so in possession 'from further interfering with said lot of land, house and crop' thereon. Such an order, being mandatory in its nature, would afford relief not within the proper scope of the writ of injunction. Civil Code, § 4922 [5499]; *Russell* v. *Mohr-Weil Lumber Co.,* 102 *Ga.* 563" (29 S. E. 271). In *Beck* v. *Kah,* supra, a number of authorities are cited to the same effect as the cases to which we have referred. In our opinion the court's order was erroneous and without authority of law, because it was premature. In *Hopkins* v. *Vance,* 153 *Ga.* 754 (2) (113 S. E. 157), in which Mr. Justice Hill delivered the opinion of the court, it was held: "The plaintiff being in possession of the real estate in controversy, claiming title, and no proceedings having been instituted against him by any one to recover the property or to dispossess him (except by a void order in the present proceeding), he is not entitled to an injunction." In *Dekle* v. *McLeod,* 144 *Ga.* 289, 291 (86 S. E. 1082),

Mr. Justice Lumpkin said: "It is not the function of an interlocutory injunction to oust one person from adverse possession of realty and personalty, and cause such possession to be delivered to another. This is mandatory. Civil Code (1910), § 5499. . . Whatever may be the remedy for the recovery of the property, this can not be accomplished by interlocutory injunction." There was no application for the appointment of a receiver in this case; but the fact that the court of its own motion appointed a receiver would not alter the principle to which we have referred. We are of the opinion that under the allegations of the petition the plaintiff was entitled to an order restraining the defendants from further proceeding in the case in the city court of Atlanta, and to have the case in the city court consolidated with this pending equitable petition, in order avoid a multiplicity of suits, and because the city court has no power to grant any affirmative equitable relief. *James v. Sams,* 90 *Ga.* 404 (17 S. E. 962) ; *National Bank of Athens v. Carlton,* 96 *Ga.* 469 (23 S. E. 388).

<div align="right">

*Judgment reversed. All the Justices concur.*