## HAGAN *v.* ASA G. CANDLER INC.

No. 11621. JANUARY 15, 1937.

*Hendrix & Buchanan,* for plaintiff.

*Tye, Thomson & Tye* and *R. A. Edmondson Jr.,* for defendant.

BECK, Presiding Justice. H. T. Hagan brought his petition to enjoin the prosecution of a suit against him by Asa G. Candler Inc., in the municipal court of Atlanta, to recover rent for a store house known as No. 60 Peachtree Street, Atlanta, in the sum of $500 for the month of May, 1936, under a lease dated November 28, 1935, executed by "Food Shops Inc., H. T. Hagan, President," for a period of five and one-half years from January 1, 1934. Hagan in his petition alleged that at the time of the execution of the lease he explained to the officer of Asa G. Candler Inc., who executed the lease, that the corporation Food Shops Inc. had not been formed, but that a corporation then in existence, known as Pig'n Whistle Grill, was in existence, and that it was his purpose to have the name of this corporation changed to Foods Shops Inc.; that thereafter, instead of changing the name to Food Shops Inc., the name of "Pig'n Whistle Grill" was changed to "Brass Rail Inc.," by an amendment granted by the superior court, and that all of the dealings had with Asa G. Candler Inc. were had by Brass Rail Inc., and that this corporation paid all of the rentals that were paid. Hagan further alleged that Brass Rail Inc. had assumed the lease, and had subsequently been adjudicated a bankrupt; and that it was the purpose and intention of Asa G. Candler Inc. to file other and additional suits against Hagan individually. He filed an amendment to his petition, elaborating and setting out

more fully the representation made to Asa G. Candler Inc., and seeking to have it decreed that the lease agreement was between Asa G. Candler Inc. and Brass Rail Inc.  He alleged that this was the new name of the original corporation, Pig'n Whistle Grill, the name of which it was contemplated at the time of the execution of the lease should be changed to "Food Shops Inc."  The amendment was allowed, and Brass Rail Inc. was made a party defendant.  To the petition as amended Asa G. Candler Inc. filed a general demurrer which was sustained, and the plaintiff excepted.

As a reason for sustaining the general demurrer the court said: "In so far as the suit of the defendant, Asa G. Candler Inc., against the plaintiff in the municipal court is concerned, the plaintiff's petition is merely defensive.  The alleged defense can be pleaded and adjudicated, in so far as Asa G. Candler Inc. is concerned, by defensive pleading to the suit in the municipal court, and the effort to reform is not necessary.  The question of whether the petition embraces facts which would constitute a defense to the defendant's claim is not now adjudicated."  The court properly held that this equitable petition should be dismissed on general demurrer, for the reasons stated in the order.  The whole purpose of the petition is to defeat a recovery on the lease contract sued on in the municipal court; and since the petition is merely defensive, this can be done in the municipal court as well as in the superior court.  It will be seen that the plaintiff is seeking, not to recover a judgment against the defendant, but merely to prevent defendant from recovering judgment against him in the municipal court; and as the judge ruled, the defense set up in the petition in the superior court is available in the municipal court.

The plaintiff does not expressly pray for reformation of the contract on which suit was brought against him.  He does say that the contract should be reformed, but he sets forth no facts on proof of which the court would grant the prayer for reformation. Our law provides for reforming contracts for certain reasons; that is, contracts made through mutual mistake of the parties, and where the contract to be reformed does not speak the true intention of the parties.  But no reason that the law recognizes for reforming a contract is shown here.  In truth it will be seen that the petitioner is seeking to substitute one contract for another;

that is, he is seeking to make a new contract. No facts are alleged to show fraud or misunderstanding at the time of the execution of the contract which the plaintiff would have reformed. However, even if this is a suit for reformation of the contract, the plaintiff does not desire to have the contract reformed in order to obtain any relief from the defendant, but merely for the purpose of defeating a recovery against him in the suit filed in the municipal court. If this suit had not been filed, the plaintiff would have no reason for asking for a reformation of the contract or any equitable relief. The cases relied on by the plaintiff differ in very essential facts from the case here presented. In *National Bank* v. *Carlton, 96 Ga.,* 469 (23 S. E. 388), the court rightly held that the defendant was entitled to further affirmative equitable relief in addition to defeating the plaintiff's suit; and since the city court did not have the power to cancel a deed, the court held that the action in the city court should be enjoined, and the entire controversy adjusted in the superior court. It was because the defendant was entitled to further affirmative equitable relief, rather than merely defeating a recovery by the plaintiff, that entitled him to the injunction. Clearly the present case is distinguished from that case, because the plaintiff here is not seeking further affirmative equitable relief, but is only seeking to defeat a recovery in the suit by the defendant. *Kirkpatrick* v. *Holland,* 148 *Ga.* 708 (98 S. E. 265), was a case in which this court held that the matter should be determined in the superior court to avoid a multiplicity of suits, and of course we have no such situation as this in the present case; because if it should be found in favor of plaintiff's contentions in the municipal court, the case will be disposed of in that court, and it would not be necessary for the plaintiff to have the contract reformed. In *Bond* v. *Harrison,* 176 *Ga.* 568 (168 S. E. 604), this court held that the case pending in the city court should be consolidated with the equitable petition in the superior court, in order to avoid a multiplicity of suits; and that is not a feature of this case.

*Judgment affirmed. All the Justices concur.*