SMITH *v.* WOOD *et al.*

ATKINSON, Presiding Justice. 1. "An interlocutory injunction, which, if enforced, would result in the dispossession of the defendant and the admission of the plaintiff into possession of the premises in controversy, is in legal effect a mandatory injunction and the relief afforded by this injunctive order is not, under our law, within the proper scope of the writ of injunction." *Glover* v. *Newsome,* 134 *Ga.* 375 (67 S. E. 935), and cit.; *Mize* v. *Herring,* 137 *Ga.* 812 (74 S. E. 534); *Wilkes* v. *Folsom,* 149 *Ga.* 512 (101 S. E. 185); *Hopkins* v. *Vance,* 153 *Ga.* 754 (113 S. E. 157); *Trudie Turpentine Co.* v. *Pearson,* 159 *Ga.* 387 (2) (125 S. E. 862); *Burns* v. *Hale,* 162 *Ga.* 336 (133 S. E. 857); *English* v. *Little,* 164 *Ga.* 805 (5) (139 S. E. 678); *Bond* v. *Harrison,* 176 *Ga.* 568 (168 S. E. 604); *American Oil Co.* v. *Hulme,* 180 *Ga.* 768 (180 S. E. 768); *Cannon* v. *Montgomery,* 184 *Ga.* 588 (3) (192 S. E. 206).

2. The petition alleged a cause of action for injunctive relief to prevent the defendant from interfering with the petitioners and their agents and employees, and also to prevent defendant from injuring or removing petitioners' property. Consequently the court did not err in overruling the general demurrer. *Blaylock* v. *Hackel,* 164 *Ga.* 257 (5) (138 S. E. 333), and cit.; *Babb* v. *McKinnon,* 185 *Ga.* 663 (196 S. E. 488).

3. The petitioners prayed, among other things, "that the said Isa Smith, her servants, agents, employees and representatives, or any person acting for her or in her behalf, be enjoined and restrained from remaining on the premises hereinbefore described, and from using and occupying the house and premises and keeping her household property and effects in said house or on said premises." *Held,* that the court erred in overruling defendant's special demurrer, which moved to strike the above-quoted words from the prayer as illegal, because if enforced they would result in the dispossession of the defendant and admission of the plaintiffs into possession of the premises in controversy, and would in effect grant a mandatory injunction.

4. Consequently the court erred in thereafter ordering "that the defendant Isa Smith, her agents, servants, employees, attorneys, and representatives be and they are hereby further enjoined and restrained from remaining on the premises described in plaintiffs' petition and from keeping and maintaining herself and family and her property and effects thereon." A different ruling is not required by *MacKenzie* v. *Minis,* 132 *Ga.* 323 (63 S. E. 900, 23 L. R. A. (N. S.) 1003, 16 Ann. Cas. 723), *Marshall* v. *Matthews,* 149 *Ga.* 370 (100 S. E. 103), *Killian* v. *Cherokee County,* 169 *Ga.* 313 (150 S. E. 158), and similar cases where the defendant was a mere employee whose occupancy was only incidental to his employment, not amounting to adverse possession.

*Judgment reversed in part, and affirmed in part. All the Justices concur.*

No. 12269. MAY 14, 1938.

*H. J. Lawrence,* for plaintiff in error. *M. E. Wood,* contra.