## NELSON *v.* BILLINGSLEA *et al.*

No. 12515.  FEBRUARY 14, 1939.

*Edward F. Taylor,* for plaintiff.

*H. E. Nottingham,* for defendants.

REID, Chief Justice.  John Nelson brought an equitable petition in Bibb superior court, seeking to enjoin the named defendants from molesting his possession and occupancy of certain described premises near the city limits of Macon.  In the petition he set up that he was occupying and making his home in an old house, and was using a small lot on which it was situated for a garden; that he had been doing so since April, 1936, under an agreement with two of the defendants whereby he was permitted to so live and use the premises in consideration of his looking after and protecting the property against depredations, which, before he had moved there, had been feared by the owner and the defendants who claimed to represent the owner in making these arrangements.  He alleged that this arrangement with the defendants, acting for the owner of the property, had been renewed by them for the years 1937 and 1938.  Other than to care for the property, he was to occupy it free from rent.  He had planted a garden on it, and vegetables of value were then growing but were not ready for harvest. One of the defendants lived next door to him, and had been on the premises, threatening to demolish the house.  All of the defendants were related to each other and all had notified him that they intended to demolish the house, and had ordered him to vacate immediately, whereupon the aroused John, fearing depredations even

worse than those he had agreed to prevent, sought counsel and injunction. A rule nisi was granted and served. At the hearing one of the defendants appeared with counsel, another appeared in person, and the remaining defendants made no appearance. No written response or other pleading was filed by any of the defendants. At the hearing a good many disturbing affairs of the colored citizens of the community were gone into both by John and the defendants, all of the parties generally agreeing that John had been in peaceful occupancy of the premises since 1936, with the permission of the defendants, and for the considerations stated by him. The defendants contended, however, that they had given John permission to occupy the premises only until they got ready to tear down the house, while John insisted that the contract made was for the entire year 1938. On the evidence heard the judge entered an order providing that the plaintiff "do vacate the house within three days," permitting him to gather his crop already planted, but enjoining him from otherwise entering upon or occupying the premises. The exception is to this order.

The judge erred in directing, upon a hearing of the plaintiff's petition for injunction, that he be ousted from his possession, which admittedly he held under some agreement of tenancy. "It is not the function of an interlocutory injunction to oust one person from adverse possession of realty and personalty, and cause such possession to be delivered to another. This is mandatory." *Dekle* v. *McLeod,* 144 *Ga.* 289, 291 (86 S. E. 1082). "Injunction is designed to prevent, and not to enforce, action. Consequently an order 'that the plaintiff, and her husband George H. Bond, vacate the premises above described, on or before the 16 day of April, 1932; and in the event the premises are not vacated on or before said date, the sheriff of Fulton County is hereby ordered and directed to remove the plaintiff and the said George H. Bond, and all their belongings, from said premises,' is mandatory and therefore unauthorized by law. A final order of the nature just stated can not be granted upon interlocutory hearing." *Bond* v. *Harrison,* 176 *Ga.* 568 (168 S. E. 604). See also *Beck* v. *Kah,* 163 *Ga.* 365 (136 S. E. 160); *Hopkins* v. *Vance,* 153 *Ga.* 754 (113 S. E. 157). This case is to be distinguished from *Marshall* v. *Matthews,* 149 *Ga.* 370 (100 S. E. 103); *MacKenzie* v. *Minis,* 132 *Ga.* 323 (63 S. E. 900, 23 L. R. A. (N. S.) 1003, 16 Ann. Cas. 723), and similar

cases where possession of the property was by virtue of a contract of employment. See *Wilkes* v. *Folsom*, 149 *Ga.* 512, 513 (101 S. E. 185) ; *Trudie Turpentine Co.* v. *Pearson*, 159 *Ga.* 387, 388 (125 S. E. 862) ; *Beck* v. *Kah*, supra. This ruling makes its unnecessary to consider the assignment of error which points out that there were no pleadings by the defendants upon which to predicate the judgment entered.

*Judgment reversed. All the Justices concur.*