WOOD *v.* HAYES *et al.*

No. 13133.   FEBRUARY 15, 1940.

660

*J. A. Wright* and *Henry A. Stewart,* for plaintiff in error.

*Forest C. Oates Jr., I. L. Mundy* and *John L. Tison,* contra.

GRICE, Justice. ■ The deed referred to in the foregoing statement of facts begins with the recital that it is an indenture between "Mrs. Cora B. Mercer of the one part, and Randall Hayes and Edna Hayes, his wife, and their daughter, Ruby Hayes, as hereinafter provided, of the other part;" and following the description of the granted premises occurs this language: "It is the purpose of this deed to convey a one-half undivided interest in the above-described property to each grantee Randall and Edna Hayes. Should either Randall Hayes or Edna Hayes die not having conveyed his or her interest, in that event the interest of the deceased shall revert to Ruby Hayes the daughter should she be living." The warranty clause is, "unto the said Randall Hayes, Edna Hayes, their heirs and as-

signs." Under this instrument, the interest which Edna Hayes took was not an estate which at her death passed to her heirs generally. Fairly construed, the answer of Georgia Wood admits that such title as the plaintiffs and her mother had to this property was acquired under and by virtue of this deed; and that the only interest which she, the defendant, claims is by inheritance from the mother. Since upon her mother's death, without having while living disposed of her portion, the mother's one-half interest went to the plaintiff, Ruby Hayes. The pleadings show a right in the plaintiffs to the whole of the property, notwithstanding the answer avers that she, the defendant, is a tenant in common with the plaintiffs. The judge correctly construed the deed and struck that part of the answer asserting a joint ownership in the property.

■ The other part of the answer was a cross-action against Randall Hayes for expenses incurred by the defendant in supporting her mother, he, it was alleged, having failed and refused to support her, and for burial expenses of the mother. There was a further allegation that he was insolvent. The prayers were: "That each and every one of the prayers of the plaintiffs be denied. That Randall Hayes be enjoined and restrained from selling or otherwise encumbering whatever interest that he may have or own in said property described and set out in said petition. That this defendant Georgia Wood have judgment against the said Randall for the several items of expenditure as set out in this petition, to wit: the sum of $1009." None of this was germane to the issues involved in the petition, and this part of the answer was properly stricken also. *Johnson* v. *Stancliff,* 113 *Ga.* 886 (39 S. E. 296); *Peterson* v. *Lott,* 137 *Ga.* 179 (73 S. E. 15); *Bank of Soperton* v. *Holland,* 142 *Ga.* 796 (83 S. E. 782); *Atlanta Northern Ry. Co.* v. *Harris,* 147 *Ga.* 214, 219 (93 S. E. 210); *State of Georgia* v. *Callaway,* 152 *Ga.* 871 (111 S. E. 563).

■ The second exception complains of the grant of the interlocutory injunction. The defendant was living on the premises. The injunction restrained her from entering upon, using, occupying, or appropriating to her own use the property in dispute. An interlocutory injunction, which if enforced would result in the dispossession of the defendant, is in effect a mandatory injunction. *Nelson* v. *Billingslea,* 187 *Ga.* 492 (1 S. E. 2d, 659); *Smith* v. *Wood,* 186 *Ga.* 214 (197 S. E. 246); *Glover* v. *Newsome,* 134 *Ga.*

375 (67 S. E. 935) ; *Wilkes* v. *Folsom,* 149 *Ga.* 512 (101 S. E. 185) ; *Trudie Turpentine Co.* v. *Pearson,* 159 *Ga.* 387 (125 S. E. 862) ; *Burns* v. *Hale,* 162 *Ga.* 336 (133 S. E. 857) ; *Russell* v. *Mohr-Weil Lumber Co.,* 102 *Ga.* 563 (29 S. E. 271) ; *English* v. *Little,* 164 *Ga.* 805 (139 S. E. 678) ; *Bond* v. *Harrison,* 176 *Ga.* 568 (168 S. E. 604), It was error to grant the injunction, notwithstanding the fact that under the pleadings it appeared that the title was in the plaintiffs and that the defendant had none. The answer having been stricken, we presume that on the call of the appearance docket the case was marked in default. Under the record as it stands, plaintiffs are entitled in due course to appropriate relief, but the law denies them the right to a mandatory injunction.

*Judgment reversed in part and affirmed in part. All the Justices concur.*