28739. WATKINS *v.* WOOD *et al.*

Decided March 5, 1941. Rehearing denied March 28, 1941.

656

*Highsmith & Highsmith,* for plaintiff.

*M. E. Wood, J. B. Moore,* for defendants.

FELTON, J.   The original petition sought nothing more than a restraining order and an injunction, but it contained allegations appropriate to a suit for ejectment and for mesne profits.   At the time of the order providing for the supersedeas it was purely an injunction suit.   In declaring the conditions on which the supersedeas would be granted, the court had authority to consider phases of the case other than the effect of the ruling on the part of the order superseded.   It was proper to take cognizance of the fact that if Mrs. Smith prevailed in reversing the superseded part of the order she could still possibly lose her case as to her claim to the land, and therefore be subjected to dispossession and payment of rent or mesne profits.   After the Supreme Court reversed the part of the order which was superseded, the original petition was amended to include a prayer for decree of title in Mrs. Wood and

for a writ of possession. By agreement of the parties the rent for 1938 was valued at $125, and this issue was not left to a jury, but the item was included in a judgment against the defendant. A judgment against three bondsmen of Mrs. Smith was issued, based on the verdict against Mrs. Smith, declaring the title in Mrs. Wood and finding her entitled to immediate possession. The evidence on the present issues showed without dispute that the bond was never accepted by the clerk, so that the judgment against the bondsmen is wholly void; and we need not discuss the question whether a judgment could be taken against them without a separate suit, under the facts of this case.

Now we come to the question of interpreting the circumstances of the deposit of the $125 in lieu of the bond. The bond was signed by Watkins in an effort to follow the order of the court. He knew that the conditions of the deposit were the same as those of the bond, though he testified that if the judgment were reversed on the mandatory injunction, he understood he was to get his money back. The object of the supersedeas was to deprive Mrs. Wood of the possession of the land, and to allow Mrs. Smith to remain in possession. This object was accomplished by a deposit of $125 in lieu of the bond. The order is not full and complete as to the contingency of the application of the deposit for rent. On its face it could mean that it should be so applied regardless of the outcome of the case; but to hold that it had such a meaning would not comport with justice or common sense. Our judgment is that the order contemplated that the $125 deposit should be applied to rent if the final judgment in the case resulted in findings so justifying. No point is made as to the proceedings in the instant case. The pleadings and parties make it, in effect, a suit against the principal and the surety, all necessary parties being before the court; so it is unnecessary for us to go into the question whether the condition as to the eventual condemnation-money would cover the rent under the circumstances, or whether a separate suit on the bond would be necessary. The terms of the bond covered the rent, and the judgment for the rent against the principal by agreement bound the surety even though the surety did not consent to it or know about it. He was charged by the order of the court and by the pleadings with the facts sufficient to put him on notice that he would be held liable for the rent under a

final judgment in the case. The court did not err in awarding the $125 deposit to Mrs. Wood.

*Judgment affirmed. Sutton, J., concurs.*

STEPHENS, P. J., dissenting. The bond, represented by the deposit by Mr. Watkins with the clerk of $125 as a cash bond, was a supersedeas bond as to the judgment enjoining the defendant, Mrs. Smith, in the case of *Smith* v. *Wood,* 186 *Ga.* 214 (197 S. E. 246), from remaining on the land, and was conditioned to pay rent for the period of Mrs. Smith's occupancy of the land, and for the eventual condemnation-money and all costs in the event the appeal should be unsuccessful. The bond had reference only to that particular proceeding and that particular judgment of the court, and upon a reversal by the Supreme Court of that portion of the injunctive order enjoining Mrs. Smith from remaining on the land, the bond became functus officio, and there was no liability thereunder. See *Franklin* v. *Kreigshaber,* 114 *Ga.* 947 (41 S. E. 47). The bond was not conditioned to pay any judgment at the final termination of the case. The judgment rendered upon this bond, against Watkins, was void. He was entitled to a return of the money thus deposited. In the suit by him against the clerk and Mrs. Wood, the plaintiff in the former case, the court erred in finding against Watkins, and ordering the money paid to Mrs. Wood.