COLLIER *v.* DeJARNETTE SUPPLY COMPANY *et al.*

No. 14108.   MAY 20, 1942.   REHEARING DENIED JUNE 15, 1942.

130

*W. L. Bryan, Bennett Wimberly,* and *Poole, Pearce & Graham,* for plaintiff in error.

*Roy S. Drennan, Haas, Gardner, Lyons & Hurt, Mitchell & Mitchell, Moise & Post,* and *Tye, Thomson & Tye,* contra.

GRICE, Justice. Several parties demurred to the answer of Andrew J. Collier as amended, and the same was stricken. The brief in support of the ruling of the trial court challenges the contention of the plaintiff in error that his answer as amended was in fact a cross-action, and denies that it was a proceeding as a minority stockholder in behalf of himself and other stockholders against the corporation and its officers; and contends that if it was, no case is made to authorize him so to proceed. It is unnecessary to consider any of the grounds of demurrer except the one which takes the position that the answer as amended can not be sustained as an action in the nature of a cross-bill. The petition was dismissed on November 14, 1941; and the amendment to the answer of the present plaintiff in error, which it is insisted by his counsel constitutes a cross-action, was filed on October 15, 1941. The original petition, though naming many defendants and seeking much relief, was so amended that it had become in effect a mere suit against Mayflower Apartments Inc., H. A. Minor, its president, and Annie Lou Minor; and it was prayed that the three defendants last named be required to have an accounting in order to determine the amount due to the plaintiffs, and for judgment against said three defendants. As thus amended, while neither

Anjaco Inc. nor Andrew J. Collier was stricken as a defendant, no accounting was asked against them, nor was relief prayed against either Anjaco Inc. or Andrew J. Collier, except that it was prayed that the deed given by Mayflower Apartments Incorporated to Anjaco Inc. be decreed of no force and effect as to its part of the property covered thereby, and that Anjaco Inc. be enjoined from changing the present status of the notes and deed given to secure the payment thereof, and that it be perpetually restrained and enjoined from enforcing or attempting to enforce the same by a foreclosure or otherwise. Under the Code, § 3-510, while a plaintiff may dismiss his action if he shall not thereby prejudice any right of the defendant, he may not dismiss his action after a plea of set-off or otherwise shall have been filed, so as to interfere with said plea, unless by leave of the court on sufficient cause shown, and on terms prescribed by the court. It has several times been ruled that the dismissal of the action will not have the effect of dismissing what was called under our former practice a cross-bill, if in such cross-action the defendant asks for affirmative relief on matters germane to the original petition. *Ryan* v. *Fulghum,* 96 *Ga.* 234 (22 S. E. 940). Where the relief sought by the cross-petition is not germane to the main action, the dismissal of the main action carries the cross-action with it. *Atlanta Northern Railway Co.* v. *Harris,* 147 *Ga.* 214 (93 S. E. 210). If the cross-action merely seeks to introduce new and distinct matter not embraced in the original action, it is properly stricken on demurrer. *Peterson* v. *Lott,* 137 *Ga.* 179 (73 S. E. 15). A cross-bill should not introduce new and distinct matters not embraced in the original suit. *Josey* v. *Rogers,* 13 *Ga.* 478; *Ray* v. *Home & Foreign Investment &c. Co.,* 106 *Ga.* 492, 495-6 (32 S. E. 603). To same effect see *Johnson* v. *Stancliff,* 113 *Ga.* 886 (39 S. E. 296); *Wood* v. *Hayes,* 189 *Ga.* 658 (7 S. E. 2d, 256); *Usry* v. *Hines-Yelton Lumber Co.,* 176 *Ga.* 660 (168 S. E. 249). The amended answer as stricken, which sought foreclosure of a security deed given by Mayflower Apartments Inc. to Anjaco Inc., was foreign to any issue in the suit brought by petitioners for an accounting against Mayflower Apartments and the Minors. It is true that in the cross-action it was prayed that "an account be taken by and under the direction of this honorable court of the amounts now due for principal and interest on said security deed;" but this reference is to a different

accounting and between parties different from the accounting referred to in the prayer for an accounting in the petition as amended. There the prayer was for an accounting that would determine how much was due to the original plaintiffs on a matter entirely foreign to that referred to in the prayer for an accounting contained in the cross-action. The petition as amended raised no issue as between petitioners and Anjaco Inc., or as between them and Mayflower Apartments Inc., or as between Anjaco Inc. and Mayflower, except as hereinbefore indicated. The attempt of Collier to foreclose Anjaco's security deed against Mayflower Apartments Inc. bears no relation whatever to the cause of action set out in the amended petition. The decisions in *Ray* v. *Home & Foreign Investment &c. Co.*, supra, and *Byrd* v. *Equitable Life Assurance Society*, 185 *Ga.* 628 (196 S. E. 63), ruled nothing to the contrary. They merely held, when a grantor in a security deed filed suit seeking to enjoin the grantee from foreclosing or selling under the power of sale, that a cross-action by the grantee against the grantor, seeking judgment on the note and setting up a special lien on the land, was germane. No such case as that is before us. In both the *Ray* and the *Byrd* cases the cross-action covered the same subject-matters as did the petition—the same controversy. Here, Collier by his cross-action seeks to inject new matter entirely independent of that set out in the amended petition. The answer of the plaintiff in error as amended sought new and distinct matters not involved in the suit as amended, which had been dismissed. The amended answer in the nature of a cross-bill, setting up only matters which were not germane to the case made by the petition as amended, was not maintainable; and it was not erroneous to sustain the demurrer thereto. Other reasons urged in support of the ruling of the trial court need not be considered.

*Judgment affirmed. All the Justices concur.*