### Barbara J. Blum et al. v. Lily Johnson et al.

Decided January 18, 1902.

1.—Appeal—Cross-Appeal.

Where plaintiffs recovered judgment against defendant on a warranty of title, and the latter appealed, plaintiffs as appellees could not complain that they were denied judgment against certain other parties impleaded by the defendant where they had not appealed from the judgment in favor of such other parties.

2.—Warranty of Title—Public Domain—Public Policy.

It is not against public policy for a person to purchase of another land which turns out to be public domain or public school land, and a recovery may be had upon the warranty of title for the money paid for such land.

**3.—Same—Married Woman—Husband Liable.**

Where a husband and wife convey by deed of general warranty land which is the separate estate of the wife, the husband is liable on the warranty in case the title fails, but the wife is not, since she can not bind herself by a contract of warranty.

**4.—Same—Wife Recovering on Warranty—Separate Estate.**

Where on failure of the title the purchaser recovered against the husband on the joint warranty of himself and wife as the vendors, but was denied any recovery against the wife on the warranty, she was nevertheless entitled to recover against her vendor on his warranty of the title to her as her separate estate.

Appeal from Mitchell.  Tried below before Hon. W. R. Smith.

*Looney & Hamner,* for appellants.

*Cowan & Burney* and *Martin Dies,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—Barbara J. Blum, joined by her husband Anthony Blum, sued W. V. Johnson and wife, Lily Johnson, to recover the purchase money, with interest, paid the latter by Mrs. Blum out of her separate estate for a section of land in Borden County, Texas, No. 227, block 97, located for the Houston & Texas Central Railway Company within the Texas & Pacific reservation, which it has been decided rendered the location void.  The land, after being so located and alienated by the Houston & Texas Central Railway Company, was conveyed to Mrs. Blum by Mrs. Johnson, joined by her husband, July 16, 1885, by deed with covenants of general warranty.  H. L. Adams, I. Adams, and W. A. Holloway had made a like conveyance of it to Mrs. Johnson in her separate right, April 22, 1885, and were consequently impleaded by the Johnsons and recovery was sought against them in behalf of Mrs. Johnson for the amount of purchase money paid them for the land out of her separate estate.  The Blums recovered judgment against W. V. Johnson, but were denied any recovery against Lily Johnson on the ground that a married woman could not bind herself personally by a covenant of warranty, as was in effect held in Wadkins v. Watson, 86 Texas, 194; 24 S. W. Rep., 385.

The recovery sought in behalf of Mrs. Johnson was denied because no recovery was allowed against her.  The Johnsons alone have appealed, making all other parties payees in the appeal bond.  The Blums, however, have assigned errors, complaining of the judgment in so far as the court refused to allow them a recovery against not only Mrs. Johnson, but also Adams, Adams, and Holloway.  But as they neither sued the three parties last named nor perfected any appeal from the judgment in their favor, no relief can be given them on that branch of the case.  Anderson v. Silliman, 50 S. W. Rep., 576; Harter v. Herndon, 35 S. W. Rep., 80; Stevens v. Insurance Co., 62 S. W. Rep., 824.

Whether they are entitled to assign errors to the judgment in favor of Mrs. Johnson is not so clear, but it would seem from the opinion of

Justice Williams in Woeltz v. Woeltz, 57 Southwestern Reporter, 35, that they are, since the appeal of the Johnsons appears to have been taken from the whole judgment.

The questions to be determined, then, are: First, whether or not the Blums were entitled to judgment against W. V. Johnson; second, whether or not they were entitled to judgment against his wife; third, whether or not Mrs. Johnson was entitled to judgment in her separate right against Adams, Adams and Holloway, for Mr. Johnson did not ask any judgment in his own behalf against them.

Neither in the pleadings of the Blums nor in the pleadings of the Johnsons was any recovery sought upon the ground of mutual mistake as to the fact and effect of the conflict between block 97 and the Texas & Pacific reservation, afterwards determined by courts of final jurisdiction to exist and to leave the title in the State; but breach of warranty and the bare fact that the subject matter of the sales was a part of the public domain were in each instance made the grounds for the recovery of the purchase money with interest. We need not, therefore, stop to inquire what the rights of the parties would have been if a case of equitable cognizance had been made. Doubtless both pleaders, in shaping the issues, had in mind the decision of our Supreme Court in the case of Lamb v. James, 87 Texas, 485, 29 Southwestern Reporter, 647, in which it was held that Lamb, who had purchased public school land from James, was entitled to recover the full purchase price paid James, who acted in good faith and warranted the title, merely because it afterwards turned out that James had never acquired any title from the State, although title was acquired by Lamb from the State after his purchase from James, and at a reduced price. The learned judge who wrote the opinion in that case, Justice Denman, evidently undertook, it seems to us, to place the decision mainly, if not entirely, upon the ground that contracts for the sale of public school land before the title has to any extent passed out of the State are against public policy and void, for in announcing that public school lands were not the "lawful subject matter" of private contracts, the words just quoted were italicised, and the following clear statement of the grounds of the decision was made: "The making of such deeds by private parties would tend to embarrass the State in the disposition of its public lands; would incumber the homes of the purchasers with liens, not only to the State for real purchase money, but also in favor of a stranger to the title, for such sum as he might charge the settler for his pretended right, thereby rendering the settler less able to perform his contract with the State; and is therefore contrary to public policy. The public lands are not a lawful subject of a private contract, and an attempted conveyance thereof by one private person to another passes no interest whatever in the land, and does not create the relation of vendor and vendee, and therefore can not be held to furnish a consideration for the payment, the promise of payment, or the recovering of the supposed consideration of such conveyance."

No such view of the law, however, was entertained when that case was before this court, for it was then held that Lamb's remedy, the charge of fraud not being sustained and no other ground of equity being alleged, was an action on the warranty, and that the measure of recovery was what it had cost him to acquire title from the State. Lamb v. James, 21 S. W. Rep., 172; 27 S. W. Rep., 178. To sustain this ruling McClelland v. Moore, 48 Texas, 355, involving a sale in part of a void location of public land, was cited; to which might now be added the case of Dillahunty v. Railway, 27 Southwestern Reporter, 1002, since decided, in which precisely the same ruling was made by the Supreme Court of Arkansas with reference to a sale with warranty of title of a part of the unappropriated public domain of the United States, made by the railway company to Dillahunty, who afterwards acquired title from the government, the cost of which was held to be the measure of damages for breach of the warranty.

When the case of Raynor Cattle Company v. Bedford, 91 Texas, 643, 44 Southwestern Reporter, 410, came before us, while we could not approve as sound the view above expressed in the opinion of Justice Denman, we nevertheless felt constrained to accept it as an authoritative statement of the position of our Supreme Court on that question, as will be seen from the opinion of Justice Hunter in that case; but the decision refusing a writ of error was placed upon a different ground, as will be seen from the opinion of Chief Justice Gaines (45 Southwestern Reporter, 554), in which the learned court deemed it expedient to state that it seemed to them that the opinion of this court had proceeded upon a misapprehension of what was decided in Lamb v. James, 87 Texas, 485, in effect, because the judgment rendered by the Supreme Court in that case, which allowed the recovery of the purchase money, would have been erroneous, as subsequently held by them in Beer v. Landman, 88 Texas, 450, if the contract between Lamb and James had been illegal. Then follows this statement: "The gist of the ruling in the Lamb case was that the vacant unappropriated public domain which was attempted to be sold by James to Lamb and Edwards furnished no consideration for the contract. There is no statement of facts found in the record in the case before us, but we are of opinion that it appears from the conclusions of fact found by the trial judge that all the land for which the notes in controversy were given was, at the time of the purported sale, public domain, and that the case falls strictly within the rule laid down in Lamb v. James, supra."

We therefore understand our Supreme Court now to hold that it is not against public policy for one person to purchase of another land which turns out to be a part of the unappropriated public domain or public school land, and, as before indicated, this view meets with our approval; but we also understand that court to hold that the money paid in such a purchase may be recovered solely upon the ground that such land furnishes no consideration for the contract, which seems, contrary to the holding in McClelland v. Moore and Dillahunty v. Railway,

supra, to be treated as an exception to the general rule on that subject. That money voluntarily paid for a worthless title with knowledge of all the facts and without warranty of title, is not recoverable, is a proposition of very general if not universal application. 2 Dev. on Deeds, sec. 957; 1 Sug. on Vend., p. 251, sec. 26, and notes; 2 Id., p. 549, sec. 6, and notes.

In holding that a married woman could not recover money voluntarily paid in purchase of personal property, in Pitts v. Elser, 87 Texas, 347, this language was used by Justice Brown: "Where money is voluntarily paid, with full knowledge of all the facts, it can not be recovered, although it may have been paid upon a void demand or upon a claim which had no foundation in fact. Taylor v. Hall, 71 Texas, 216; Gould v. McFall, 118 Pa. St., 455; 4 Am. State Rep., 606. This proposition is too well settled to require further citations of authority."

If, therefore, the construction placed upon the decision of the Supreme Court in Lamb v. James by this court, misled as we were by the learned judge who wrote the opinion, is shown to have been wrong because a recovery of the purchase money paid was allowed in that case, would not the construction now placed upon it by the Supreme Court be wrong for the same reason? That is to say, while the illegality of a contract is held to prevent the recovery of money paid under it, will not the fact that money is voluntarily paid, in the absence of grounds for equitable relief, have the same effect? But however this may be, while we think it would have been better if the Supreme's Court's decision in Lamb v. James had been overruled entirely, instead of limited, we must accept the existing construction of that decision as announced in the opinion of the learned chief justice in Raynor Cattle Co. v. Bedford, and proceed to dispose of the questions at issue in accordance therewith.

We therefore overrule the contention that W. V. Johnson was not liable on his warranty because of the alleged illegality of the contract. We could not hold that there was no consideration for the warranty, since Johnson received over $2000 on the faith of it.

On the authority of Lamb v. James, as construed and limited by the Supreme Court in Raynor Cattle Company v. Bedford, we feel constrained to hold that Mrs. Johnson was entitled to recover from Adams, Adams, and Holloway, although no recovery was had against her, and although no grounds of equity were alleged, the money paid them for the land with interest, as specified in her second assignment of error, without reference to whether or not she was entitled to recover on the warranty.

It only remains to determine whether the Blums were entitled to a judgment against Mrs. Johnson, as well as against her husband. That she was not liable on her warranty we must treat as settled by the decision of our Supreme Court in Wadkins v. Watson, supra. It is, however, insisted in the brief of the Blums that they were entitled to recover from Mrs. Johnson the money paid her husband for her, upon

the ground that the land was a part of the public domain and therefore no consideration for the contract of purchase, though we doubt whether their assignments of error (1 and 2) were ever intended to raise any question other than that of liability on the warranty. The contention presents this anomaly,—they accepted the warranty of W. V. Johnson and have recovered a judgment upon it, which, for ought we know, they may be able to collect, and yet it is insisted that they should also have a judgment against Mrs. Johnson upon the ground that there was no consideration for the contract. As already intimated, it is by no means clear that the money paid would have been recoverable in the absence of a warranty or of well known equitable grounds for relief, even as against one not under disability, and we know of no authority for holding a married woman liable in this State in such case, the contract not being one for necessaries or for the benefit of her separate estate, and none has been cited.

Upon the findings of fact made by the district judge, which we adopt, and the conclusions of law above stated, we affirm the judgment between the Blums and the Johnsons, but reverse and here render the judgment between Mrs. Johnson and the other parties so as to allow her to recover from them what was paid them for the land with interest from the date of payment, as stated in their second assignment of error, with costs accruing on that branch of the case, both in the court below and in this court, other costs of appeal to be taxed against the Johnsons.

*Affirmed in part; reversed and rendered in part.*