## H. O. MAHONEY v. THAD TUBBS AND J. A. TUBBS.

Decided December 19, 1903.

**1.—School Land—Actual Settlement.**

In an action between an applicant to purchase State school land and one to whom it had been awarded, and in which the rights of the parties depended on actual settlement, it was error for the court to define an actual settler in good faith as being one who actually occupies and settles upon the land intending to make it his, since the further purpose to make a home on it by the settlement is as essential as the settlement itself.

**2.—Same—Bond for Title.**

A bond for title to vacant public land set apart for the school fund, executed by one who has had the land surveyed with the intention to purchase it under the law requiring actual settlement and that the applicant shall swear that he is not purchasing it for another, is void.

Appeal from the District Court of Lubbock. Tried below before Hon. J. M. Morgan.

*Beatty & McGee,* for appellant.

*J. Wilson Boyle* and *Kinder & Dalton,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—The issues determined by the jury against appellant were thus submitted in the charge of the court: "Gentlemen of the jury: In this case the plaintiff, H. O. Mahoney, sues the defendant, John Tutts, in trespass to try title to one section of State school land, situated in Lubbock County, Texas, and known as section No. 38, block JS. Plaintiff claims the land by virtue of his application to purchase the same as an actual settler on section No. 32 in block D5, and as additional land thereto, plaintiff's application bearing date March 17, 1902. The defendant John Tubbs claims the land in controversy by virtue of his application to purchase the same as an actual settler on section No. 37 block JS, and as additional land thereto, his said application bearing date November 26, 1901. You are instructed that by the term 'actual settler in good faith' is meant one who actually occupies and settles upon land intending to make it his. Now, bearing in mind the foregoing definition, if you find from the evidence that the plaintiff H. O. Mahoney was an actual settler on his home section No. 32, block D5, on the 17th day of March, 1902, and if you further find from the evidence that the defendant John Tubbs was not an actual settler on his home section No. 37, block JS, on the 26th day of November, 1901, you will find for the plaintiff, and unless you so find on these two points, you will find for the defendant."

In defining an actual settler to be one who actually occupies and settles upon land "intending to make it his," the court erred, as assigned. The qualification made by the clause just quoted was misleading, for something more is required of an intending purchaser of school land than, as suggested by this charge, actual occupancy with the intention of making the land his own. The purpose to make a home upon it by the

settlement is as essential as the settlement itself. Willoughby v. Townsend, 53 S. W. Rep., 581.

It is insisted, however, that the evidence conclusively established the validity of appellee's settlement and purchase. But we hardly think it was such, especially as to his intention in making the settlement, in respect to which the charge was erroneous, as to warrant the taking of that issue from the jury.

The rulings under which the bond for title of Thad Tubbs, and other evidence offered by appellant in connection with it to show an equitable title in himself, was excluded seem to be sustained by the decisions of our Supreme Court in the following cases: Lamb v. James, 87 Texas, 485; Cattle Co. v. Bedford, 91 Texas, 643. As the land was vacant public domain when the bond for title was executed, although it had been surveyed for or at the instance of Thad Tubbs under the Act of February 23, 1900, the bond was unenforcible according to these decisions, because it was void, either on the ground of public policy or for want of consideration. For a discussion of these cases see the opinion of this court in Johnson v. Blum, 28 Texas Civ. App., 10, 66 S. W. Rep., 461. It is difficult to see why the money paid Tubbs by appellant for the execution of the bond for title would not be a sufficient consideration to make it binding on him and his assignee, J. A. Tubbs, who was substituted for him in the Land Office, by way of estoppel at least, if the contract were not against public policy. After all, in view of the provision in the act referred to providing for the sale of unsurveyed school land, as well as in the amendatory Act of April 15, 1901, and the act providing for the sale of school lands generally, requiring an intending purchaser to swear that he is not purchasing for another, it seems more consonant with reason and sound construction to hold the bond for title in question, which seemed to make it obligatory on Tubbs to make a false affidavit, void for that reason, than for want of consideration.

For the error in the charge the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*