USRY *v.* HINES-YELTON LUMBER COMPANY *et al.*

No. 9151.   MARCH 1, 1933.

*W. D. Lanier* and *W. K. Miller,* for plaintiff in error.

*Fleming & Fleming,* contra.

BELL, J. (After stating the foregoing facts.) Quinn sued Usry to enjoin the cutting and removal of timber purchased by Usry from Hines-Yelton Lumber Company but standing upon the lands of Quinn. Usry undertook to vouch the lumber company into court by giving it notice of the suit, and the lumber company responded by filing a paper stating that it appeared solely for the purpose of denying any liability as vouchee. On the day before the filing of this appearance the company was dissolved, and its assets were delivered to its stockholders. Usry filed what he termed a cross-bill, in which he sought to recover of Hines-Yelton Lumber Company or its stockholders the amount which he had paid for the timber, claiming that it had been lost by reason of the failure of the corporation to keep its lease in force after the expiration of the original term by making the annual payments as provided for in the contract. The stockholders appeared as required by order, and filed objections and demurrer. The judge held that the company had made itself a party by filing a denial of liability and a demurrer. The judge also ordered that the stockholders be made parties to the cross-bill, as prayed. This order was dated January 28, 1932. In a motion filed by the stockholders, attention was called to the fact that·no demurrer had been filed by the lumber company, as recited in this order. A rule nisi was issued on this motion; and on May 3, 1932, the judge again dealt with the question of making parties and with the objections and demurrer of the stockholders. In the order last referred to it was adjudged that the company had not made itself a party by any pleading filed, and that the stockholders were not proper parties to the cross-bill. In the same order the cross-bill was dismissed for misjoinder of parties and of causes of action, on a demurrer filed by the stockholders. To this judgment Usry excepted.

■ It is contended in the brief of counsel for the plaintiff in error that the motion to correct and set aside the order of January 28, 1932, should not have been entertained, because it was filed in vacation. Whatever defect may exist in the judgment by reason of any unauthorized proceeding in vacation, the bill of exceptions contains no assignment of error sufficient to raise the question. The only exception which could be claimed as attacking the judgment upon such ground is the statement that "the court could not, by the process attempted, set aside its judgment . . of January 28, 1932." The defect in the "process attempted" is not pointed out; and hence there is no compliance with the rule that the bill of exceptions "shall specify plainly the decision complained of, and the alleged error." The situation is analagous to that referred to in *Lyndon* v. *Georgia Ry. &c. Co.,* 129 *Ga.* 353 (2), 357 (58 S. E. 1047), where it was said that if a judgment is claimed to be erroneous because it "was rendered in vacation without authority of law, . . an assignment of error should not merely generally allege that the judgment was wrong, but show wherein it was wrong." See also *Dixon* v. *Ernest L. Rhodes & Co.,* 44 *Ga. App.* 678 (6) (162 S. E. 716). Furthermore, there is nothing in the record to show that any proceeding was filed or prosecuted, or that any order or judgment was rendered, in vacation. It is also insisted in the brief that the former judgment of January 28, 1932, was not excepted to pendente lite, and for this reason became the law of the case. Neither was this question raised by any assignment of error in the bill of exceptions.

■ There being no obstacle to a consideration of the intrinsic correctness of the final judgment of May 3, 1932, we approach the question whether the proceeding which was styled a cross-bill could be filed and prosecuted as such against the parties sought to be held thereby. The paper filed by the lumber company was not a general appearance, but expressly declared that the appearance was made solely for the purpose of denying liability as vouchee. Whether or not Usry could reply by showing that the company was in fact liable as vouchee, the special appearance so made by the company certainly would not justify a cross-bill against the company upon an independent cause of action. For Usry to show that the company was liable to him *as vouchee,* it would be necessary to establish that he had a remedy over against the company, and this does not appear

from the facts alleged in the cross-bill. "Where a defendant may have a remedy over against another, and vouches him into court by giving notice of the pendency of the suit, the judgment rendered therein will be conclusive upon the party vouched, as to the amount and right of the plaintiff to recover." Civil Code (1910), § 5821. In *Raleigh & Gaston R. Co.* v. *Western & Atlantic R. Co.,* 6 *Ga. App.* 616 (65 S. E. 586), it was said: "This section of the Code is not of statutory origin, but is simply an adaptation of the language employed by the Supreme Court in the cases of *Western & Atlantic R. Co.* v. *Atlanta,* 74 *Ga.* 774; *Faith* v. *Atlanta,* 78 *Ga.* 779 (4 S. E. 3). By an examination of the sources from which the code section was adopted, it will be seen that it is merely a statement of a well known common-law principle, and that it was not the intention of the codifiers, by inserting it in the Code, to hedge it about with any unusual limitations or give to it any additional scope. The principle embodied in the code section is referred to and discussed in *Bullock* v. *Winter,* 10 *Ga.* 214. Considering the origin of the code section, it is clear that the remedy over, which will authorize the voucher to give another (the vouchee) notice of the pendency of the suit and require him to come in and defend it, so that the judgment obtained therein will be conclusive upon the vouchee as to the amount and the right of the original plaintiff to recover, must be such a remedy over against the vouchee as that the issues in the two suits would be practically identical, both on the question of liability and the question of the amount of damages. There must at least be such a relation between the parties that the defenses which the vouchee could set up in the original suit would be the same defenses that he could set up if he were sued by the voucher. As is said in Consolidated Machine Co. *v.* Bradley, 171 Mass. 127 (50 N. E. 464, 68 Am. St. R. 409), 'If a party is obliged to defend against the act of another, against whom he has a remedy over, and defends solely and exclusively the act of such other party, and is compelled to defend no misfeasance of his own, he may notify such party of the pendency of the suit and may call upon him to defend it; . . but this principle does not apply where one is defending his own wrong, or his own contract, although another party may be responsible to him.'"

It appears from the cross-bill that Usry had no warranty of title from the lumber company. The lease under which the company

purported to act in selling the timber to Usry gave the right to cut and remove the timber for the period of only five years, but further provided that an extension could be had from year to year by the payment of $36 annually to the lessor. The five-year period had more than expired at the time Usry finally paid the purchase-money, and his present complaint is that the lumber company had not made the annual payments so as to keep the lease in force as represented. It was alleged that the lumber company knew Usry was relying upon it to keep the lease in force "while he cut the timber thereon," and in consequence of its failure to do so he received nothing for the money which he paid. Thus the facts claimed in the cross-bill as constituting a cause of action against the lumber company are entirely foreign to any issue in the suit for injunction filed against Usry by Quinn, who owned the land subject to the timber lease. Usry was enjoined and required to pay damages merely because the timber lease had expired, and its expiration was caused simply by the failure of the lumber company to make the annual payments necessary to obtain extensions. Under the allegations it does not appear that there was any issue between Quinn and Usry as to the right of the latter to cut and remove the timber, such as might have become an issue between Usry and the lumber company, and the adjudication between Quinn and Usry could not have determined any matter between Usry and the lumber company as to which the company could have been called upon to defend. If the original case had presented any issue as to whether the lumber company had made the extra annual payments, perhaps the lumber company might have been subject to be vouched into court for the purpose of showing that the payments had been made; but the contention of Usry is that the lumber company had in truth failed to make any of such payments, either as represented or as promised. In the suit of Quinn, Usry was not required to defend or justify any act of the lumber company; and accordingly the suit involved no issue as to which the company could or should have been heard. Under the principles stated in *Raleigh & Gaston R. Co.* v. *Western & Atlantic R. Co.*, supra, the allegations of the cross-bill did not show a remedy over against the lumber company. See also *McArthor* v. *Ogletree*, 4 *Ga. App.* 429 (61 S. E. 859) ; *Bryant* v. *Guaranty Life Ins. Co.*, 40 *Ga. App.* 573 (2), 582 (150 S. E. 596), and cit.

Since we hold that no remedy over appeared, we do not decide the question whether, if the remedy had existed, it could have been enforced by a cross-bill against new parties, as was sought to be done in this case. See, in this connection, *Blaisdell* v. *Bohr,* 68 *Ga.* 56 (3); *Cowan* v. *Nicholson,* 158 *Ga.* 425 (123 S. E. 681); *McMillan* v. *Spencer,* 162 *Ga.* 659 (5) (134 S. E. 921); *Manget* v. *National City Bank,* 168 *Ga.* 876 (3) (149 S. E. 213); *O'Leary* v. *Costello,* 169 *Ga.* 754 (151 S. E. 487); *Hermann* v. *Mobley,* 172 *Ga.* 380 (158 S. E. 38); Patton *v.* Marshall, 97 C. C. A. 610, 173 Fed. 350 (26 L. R. A. (N. S.) 127); Blair *v.* Illinois Steel Co., 159 Ill. 350 (42 N. E. 895, 31 L. R. A. 269); Enid Oil Co. *v.* Champlin, 113 Okla. 170 (240 Pac. 649); Branch *v.* Weiss (Tex. Civ. App.), (57 S. W. 901); Blum *v.* Johnson, 28 Tex. Civ. App. 10 (66 S. W. 461 (4); 1 Daniel's Ch. Pl. & Pr. (6th ed.) 276; 4 Enc. Pl. & Pr. 648; 15 C. J. 1337; 21 C. J. 511; 47 C. J. 124; 10 R. C. L. 487-490.

Since the lumber company made its appearance solely for the purpose of denying liability as a vouchee, and since the facts stated in the cross-bill show that it was not liable as such, the case will stand as if no appearance whatever had been made by this company. So the question next for determination is whether the petition filed as a cross-bill alleged matter germane to the original suit, regardless of any appearance by the lumber company. As against the original plaintiff, Usry could not have filed a cross-petition containing new and distinct matters not involved in the petition. *State* v. *Callaway,* 152 *Ga.* 871 (2) (111 S. E. 563). A fortiori, he could not file such a petition as a suit against a third person who was not a party in the original case. "A cross-bill should not introduce new and distinct matters not embraced in the original suit," but "must be confined to the subject-matter of the original bill." *Josey* v. *Rogers,* 13 *Ga.* 478. "A cross-bill is a bill brought by a defendant against a complainant or other parties in a former bill depending, touching the matters in question in that bill." *McDougald* v. *Dougherty,* 14 *Ga.* 674. "The rule in equity is that the matter contained in the cross-bill must be germane to the matter in the original bill." *Brownlee* v. *Warmack,* 90 *Ga.* 775 (17 S. E. 102). "An answer in the nature of a cross-bill which sets up matters of defense not germane to the case made by the plaintiff's petition is not maintainable." *Johnson* v. *Stancliff,* 113 *Ga.* 886 (39 S. E.

296) ; *Atlanta Northern Ry. Co.* v. *Harris*, 147 *Ga.* 214, 218 (93 S. E. 210). See also *Peterson* v. *Lott*, 137 *Ga.* 179 (73 S. E. 15). In *Knott* v. *McWhirter*, 140 *Ga.* 337 (78 S. E. 1062), this court ruled as follows: "The amendment to the petition, which was demurred to by the defendant, sought to make one a party who had no common interest with the defendant in the original petition and between whom and the original defendant there was no ground of common interest; and the court should have sustained the defendant's demurrer." Although, as may be seen, the facts of that case were somewhat different from those of the case at bar, the principle to be applied is the same. The lumber company had no common interest with the original plaintiff, and there was no common ground of interest between them. The issue which Usry sought to make with the lumber company was wholly foreign to the controversy between Usry and Quinn; and for this reason there would have been a misjoinder of parties, as well as of causes of action, if the court had permitted the cross-bill to proceed. If the cross-bill could not proceed against the corporation, the facts relating to the dissolution of the corporation and the possession of the assets by the stockholders could not help the cause. Any right to hold the stockholders as parties would necessarily depend upon the antecedent right to proceed against the corporation. The court did not err in refusing to make the new parties, or in sustaining the demurrers and dismissing the cross-bill. *Judgment affirmed. All the Justices concur.*