LANKFORD *v.* MILHOLLIN *et al.*

No. 16114. February 10, 1948. Rehearing denied March 19, 1948.

*W. C. Lankford,* for plaintiff in error.

*R. A. Moore* and *Memory & Memory,* contra.

DUCKWORTH, Presiding Justice. (After stating the foregoing facts.) █ By the plain provisions of the Code, § 60-419, the caveators held title in fee simple to the land in question in virtue of the decree of registration, free from any and all adverse claims,

rights, or incumbrances not noted on the certificate of title in the title register except: "First. Liens, claims, or rights arising or existing under the laws or Constitution of the United States which the statutes of this State cannot require to appear of record under registry laws. Second. Taxes and levies assessed thereon for the current calendar year. Third. Any lease for a term not exceeding three years, under which the land is actually occupied. Fourth. Highways in public use, and railroads in actual operation;" and except in cases of fraud or forgery to which they are parties or to which they are privies without valuable consideration paid in good faith. Any attack upon these grounds must be made within seven years. It is too obvious to call for argument or extended discussion that the alleged claim of Mrs. Lankford in the present case does not come within any of the four exceptions above quoted. It therefore follows as a matter of law that her alleged claim of lien for rents and profits for a period preceding the judgment of registration can not become a lien against the land thus registered, since it was not noted on the registration records.

A further question requiring a decision here is whether or not under the law the caveators proceeded as provided by law and alleged grounds entitling them to the relief sought. Mrs. Lankford would be entitled under the Code, §§ 60-417 and 60-426, to have recorded notice of the lis pendens where the pending proceeding might enable her to recover judgment affecting the title to the land. The owners, however, under the Code, § 60-416, are authorized to challenge and have removed any such notation in the manner here followed when they can show that the notation should not remain of record. The act of 1917 (Ga. L. 1917, p. 136; Code, § 60-418) provides for voluntary cancellation of entries by the clerk upon the title register of the notation of lis pendens, but it does not authorize involuntary cancellation. This law was amended in 1943 (Ga. L. 1943, pp 326, 329; Code, Ann. Supp., § 60-418) by providing for the involuntary cancellation of incumbrances, including "lis pendens," if the debt has been paid or is no longer existing, or "if it is no longer legal and equitable that the registered title shall be incumbered by the same;" and providing further that, when a hearing on the peti-

tion to cancel has been held as therein outlined, "if it shall appear that the registered title should be free from the incumbrance, the court shall decree accordingly and order the cancellation noted upon the certificate of title." The caveat as amended alleged that there had been an adjudication by the judgment of registration, and that the land was free from any lien of Mrs. Mattie L. Lankford. If this allegation is established by proof, then it would be made to appear that the "registered title should be freed" from the incumbrance of the notice of lis pendens. It therefore contains sufficient allegations to authorize cancellation as prayed and was sufficient to withstand the general demurrer. The ground of special demurrer insisted upon, which sought to require the caveators to attach voluminous pleadings, is so palpably without merit that further discussion is unnecessary. Nor did the court err in disallowing the proffered amendment of the plaintiff in error to her traverse, which amendment set forth voluminous copies of the pleadings and judgment in another case wherein Mrs. Mattie L. Lankford had by such judgment been permanently enjoined from further prosecution of any claim against the land here involved, and which amendment attacked the judgment upon the ground that it was unauthorized by the pleadings.

■ Upon the trial the caveators introduced voluminous pleadings in the trial court, together with judgments therein, and decisions of the Supreme Court affirming such judgments, which records showed that Mrs. Mattie L. Lankford was a party to the registration suit, that it was held therein that she had no interest in or title to the land in question, and that title was registered in the caveators, free from any lien or title of Mrs. Mattie L. Lankford, and that she had been permanently enjoined from prosecuting any further suit affecting the title to this land. This documentary evidence also showed that the rents and profits claimed in the proceedings referred to were during a period prior to the judgment of registration. This evidence demanded a finding that the recorded notice of lis pendens was unauthorized and should be canceled. Since, as just ruled, the evidence demanded the judgment complained of, the plaintiff in error was not harmed by any of the rulings admitting other docu-

**496**

ments in evidence over objection. It is, therefore, unnecessary to decide whether or not the evidence complained of was admissible over the objections made. The judgment registering the title freed the land from any and all pre-existing claims against the same that were not noted on the title register at the time except those which are above pointed out and which did not include the claim here asserted.

*Judgment affirmed. All the Justices concur, except Bell, J., absent on account of illness, and Wyatt, J., who took no part in the consideration or decision of this case.*