LANKFORD *et al. v.* MILHOLLIN *et al.*

No. 16277. JULY 15, 1948. REHEARING DENIED JULY 28, 1948.

196

W. C. *Lankford*, for plaintiffs in error.

R. A. *Moore* and *Memory & Memory*, contra.

ATKINSON, Justice. (After stating the foregoing facts.) ■ The

amendment to the traverse sought the right to establish an equitable lien for rents accruing prior to the date the title was registered. The right to such a lien is apparently predicated on the contention that Milhollin and Holton were solvent at the time the title was registered, but subsequently became insolvent. Assuming that the pleadings were sufficient to allege this change in conditions, such would not establish an equitable lien. Whatever condition existed between the parties to this proceeding as to a lien for prior rents, or a pending proceeding therefor, should have been provided for in the certificate of title as recorded in the title register. Code § 60-419 makes no provision for such an existing claim to be subsequently recorded. Nor would Code § 85-1004, which provides for an accounting between cotenants, authorize this subsequent recording of a lien upon the title register for rents accruing prior to the registration of title. It was therefore not error to sustain a demurrer thereto. This leaves the question of the right to record a lien for rents accruing prior to the date of registration of title, subject to the rulings in *Lankford v. Milhollin*, 203 *Ga.* 497 (47 S. E. 2d, 74), and *Lankford v. Milhollin*, 203 *Ga.* 491 (47 S. E. 2d, 70).

■ It is patent that the cross-action to the caveat, is not relevant to the issue. The caveat to the right to record the lien presents the sole question of whether the lien recorded for rents prior to the date of the registration of title should be canceled. The cross-action is not germane to this issue, but is an attack on a previous judgment issued by the trial judge in a case for partition and accounting, and the prayers are for a modification of a decree in that proceeding.

The trial judge did not err in dismissing the same on demurrer. A cross-action which merely seeks to introduce new and distinct matter not germane to the original issue should be stricken on demurrer. *Josey v. Rogers*, 13 *Ga.* 478 (5); *Johnson v. Stancliff*, 113 *Ga.* 886 (1) (39 S. E. 296); *Peterson v. Lott*, 137 *Ga.* 179, 180 (73 S. E. 15); *Atlanta Northern Ry. Co. v. Harris*, 147 *Ga.* 214, 218 (93 S. E. 210); *Usry v. Hines-Yelton Lumber Co.*, 176 *Ga.* 660 (2a) (168 S. E. 249); *Collier v. DeJarnette Supply Co.*, 194 *Ga.* 129, 131 (20 S. E. 2d, 925).

■ On the trial, where the only evidence before the trial judge consisted of the decree authorizing the registration of the title

to a one-half interest in Milhollin and Holton, in fee simple, subject only to a lien for specified taxes, a certificate of title by the clerk of the superior court, and a certified copy of the opinion of this court directing the foregoing, the judgment sustaining the caveat and directing that the notation of lien be canceled was demanded.

*Judgment affirmed. Jenkins, Chief Justice, Duckworth, Presiding Justice, Wyatt, Head and Candler, Justices, and Judge A. M. Anderson concur.*