MILLER *v.* TURNER *et al.*

No. 17894. ARGUED JUNE 10, 1952—DECIDED JULY 14, 1952.

*Philip H. Alston Jr., Daniel B. Hodgson* and *Alston, Foster, Sibley & Miller,* for plaintiff in error.

*Eugene Cook,* Attorney-General, *Robert H. Gambrell,* Assistant Attorney-General, *M. H. Blackshear, J. C. Murphy, Edward D. Wheeler* and *Sam G. Dettelbach,* contra.

DUCKWORTH, Chief Justice. Two of the questions here involved were settled by the ruling in *Lankford* v. *Milhollin*, 203 *Ga.* 491 (47 S. E. 2d, 70). Those questions are: (1) is the decree of registration binding upon all parties to that proceeding and a bar to any subsequent attempt to have adjudicated matters that were or could have been determined in that proceeding? and (2) are the provisions for a caveat by any interested person objecting to any entry, notation, or registry made by the clerk, found in Code § 60-416, intended to and, as a matter of law, can they authorize a party to the registration proceeding to go back of the decree of registration? The first of these questions was answered in the affirmative and the second in the negative. We quote from the last sentence in that opinion at page 496 as follows: "The judgment registering the title freed the land from any and all pre-existing claims against the same that were not noted on the title register at the time except those . . . pointed out [Code § 60-419] and which did not include the claim here asserted." The decree of registration here complained of conforms to the findings and report of the examiner, which was unexcepted to. That report when not excepted to within 20 days as required by Code § 60-304 became binding upon all parties to that proceeding and they are not allowed to now challenge the same. *Laramore* v. *Jones*, 157 *Ga.* 366 (121 S. E. 411); *Burgess* v. *Simmons*, 207 *Ga.* 291 (61 S. E. 2d, 410).

But counsel for the caveatrix make countless criticisms both in the caveat and in their briefs of argument before this court, of the examiner's report, the failure to post notice, the joining of two separate tracts in one proceeding, and other departures from strict adherence to the procedure of the land-registration statute; all of which complaints seek, contrary to law, to go back of the examiner's report and the decree of registration. Since none of the irregularities referred to render the decree void, these complaints do not constitute a valid attack thereon. *Hightower* v. *Mustian*, 8 *Ga.* 506; *Hunt* v. *Doyal*, 128 *Ga.* 416 (57 S. E. 489); *Burch* v. *Dodge County*, 193 *Ga.* 890 (20 S. E. 2d, 428); *Gibbs* v. *Gibbs*, 202 *Ga.* 105 (42 S. E. 2d, 374); Code, § 110-705; Powell on Land Registration, pp. 30-32, § 26. Every complaint that the plaintiff in error now seeks to make could have been made, and as a matter of law must have been made,

as a defense in the main registration case, and there is nothing in the statute that allows one to simply refuse in that proceeding, after having been made a party defendant and having been served, to make any defense she had and then wait for a number of months and, under claim of authority conferred by Code § 60-416, raise for the first time such defenses by a caveat. From what has been said the court did not err in sustaining the demurrers and dismissing the caveat.

*Judgment affirmed. All the Justices concur, except Atkinson, P.J., not participating.*