19904. HARRIS *et al. v.* ERNEST L. MILLER CO.

DUCKWORTH, Chief Justice. This is a land-registration case brought under Title 60 of the Georgia Code of 1933. Exceptions to the conclusions of law and fact of the examiner in his final report were filed by the defendants, who jointly owned the adjoining property on the south side of the property sought to be registered, on the basis that the survey made by the petitioner's surveyor did not comply with Code § 60-217 and Chapter 85-16, and the evidence did not warrant the conclusion of the examiner that the petitioner held good prescriptive title, there being no evidence to show actual adverse possession of the property. After a hearing thereon, the court denied and overruled the objections, and the final report of the examiner was sustained and approved. The exception here is to that judgment. *Held:*

1. Code § 60-217 states that the judge, or the examiner with the approval of the judge, may require the land to be surveyed by some competent surveyor after due notice to the adjoining landowners, who, if dissatisfied with the survey, may file a protest with the court, whereupon the issues thus made would be tried as in case of a protest to the return of land processioners as authorized in Chapter 85-16. No such survey was ordered in this case, but the petitioner introduced in evidence the testimony and survey of his own surveyor, who testified as to the location of the land lines, corners, and landmarks of the property. The evidence offered was competent and not subject to the objection made, hence there was no merit in the objection thereto. *Maples* v. *Hoggard*, 58 *Ga.* 315; *Wooten* v. *Solomon*, 139 *Ga.* 433 (77 S. E. 375); *Bunger* v. *Grimm*, 142 *Ga.* 448 (5), 451 (83 S. E. 200, Ann. Cas. 1916C 173); *Roberts* v. *Atlanta Cemetery Assn.*, 146 *Ga.* 490 (3) (91 S. E. 675); *Herrin* v. *Bennett*, 200 *Ga.* 53 (36 S. E. 2d 145).

2. The record shows a chain of title from the petitioner back to the State of Georgia as to the property therein described, and this is admitted in the defendants' answer. However, the defendants claim title by prescription to approximately 7 feet of the south side of the lot sought to be registered, but offered no evidence showing adverse possession thereof, nor did they otherwise prove title thereto. Thus, the further finding by the examiner that the petitioner held title by prescription, while unauthorized by the evidence, does not defeat registration based upon the title proven, and therefore affords no ground for attacking the judgment. The evidence shows title to be in the petitioner with possession thereof under a claim of right, hence the court did not err in approving the examiner's report over the exceptions made and in decreeing title to be in the petitioner.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 13, 1957—DECIDED JANUARY 10, 1958.

*Wesley G. Bailey,* for plaintiffs in error.
*A. W. White,* contra.