## 20860.   UNION BAG-CAMP PAPER CORPORATION
## *v.* COFFEE COUNTY HUNTING AND FISHING CLUB.

ARGUED APRIL 11, 1960—DECIDED MAY 5, 1960.

*J. Robert Smith, Bouhan, Lawrence, Williams, Levy & Mc-Alpin,* for plaintiff in error.

*G. H. Mingledorff, D. C. Sapp,* contra.

ALMAND, Justice.   This was a suit in ejectment brought by the Coffee County Hunting and Fishing Club against the Union Bag-Camp Paper Corporation in the Superior Court of Brantley County.   The plaintiff alleged in its petition that it is the owner of and claims title to that certain tract of land in the 2nd district of formerly Wayne, now Brantley County, Georgia, and more particularly described as all of original land lot No. 265, containing 490 acres more or less, and bounded on all sides by the original land lot lines of said lot, and (according to the original plat thereof, prepared from survey of March, 1805, as appears in the office of the Secretary of State of Georgia, in Plat Book, Wayne 1-3) as of the year 1805, having the following shapes, metes, courses and distances: Beginning at the northeast corner of said lot of land, and from thence running north 87 degrees west 70 chains; thence south 3 degrees west 70 chains; thence south 87 degrees east 70 chains; and thence north 3 degrees east 70 chains to the northeast corner of said lot and point of beginning; it being alleged that said northeast corner was presently marked by a concrete post on the top of which is inscribed, "Union Bag and Paper Corp. Property Survey."

The petition alleged that the defendant is in possession of said described land without the consent of and contrary to the will of the plaintiff; that the title under which the plaintiff claims said lot of land is a warranty deed from W. J. Barlow, dated December 12, 1929, and recorded December 24, 1929, in Deed Book 6, at page 285, in the office of the Clerk of the Superior Court of

Brantley County, a copy of which was attached to the petition; and that the defendant claims title to said land, or some portion thereof, under some pretended conveyance from the plaintiff's grantor, W. J. Barlow, but that the plaintiff has been in actual possession of said lot of land for at least 15 years before said claim was asserted.

The defendant filed its special plea as amended and answer, in which it denied that it claimed any part of lot 265, but alleged that it is in possession of and does claim, as a part of lot 264, a portion of the lands which the plaintiff intends to sue for. The defendant also denied that the concrete post bearing the inscription, "Union Bag and Paper Corp. Property Survey," marked the northeast corner of lot 265. The defendant alleged that its title to land lot 264 is registered under the Title Registration Act as a part of Brantley County registered title No. 84 and Owner's Certificate of Title No. 288.

The defendant's special plea set forth and described an alleged common boundary line between the two lots and alleged the estoppel of the plaintiff to assert a different boundary line from that described, by reason of the acquiescence of the parties at and from the time plaintiff acquired title to lot 265 from the common grantor in 1929; and the former adjudication of such boundary line by the common grantor's subsequent registration of the title to lot 264 in certain land registration proceedings had in the Superior Court of Brantley County in 1942, to which the plaintiff was made a party as an adjoining landowner and duly served personally with notice of the proceedings, and by publication as provided by law. A certified copy of said proceedings was attached to the plea. The defenses alleged in the defendant's special plea were incorporated by reference in its answer.

The case proceeded to a trial before a jury which returned a verdict for the plaintiff. The defendant assigns error on the orders of the trial court denying its motion for a judgment notwithstanding the verdict and its motion for new trial as amended.

1. The defendant contends that the court erred in denying its motion for a judgment notwithstanding the verdict because the

evidence conclusively showed that the defendant's special plea as amended should have been sustained, in that the land-registration proceeding brought by the defendant's grantor, W. J. Barlow, in 1942 to register his title to land lots 264 and 263 in the 2nd land district of formerly Wayne, now Brantley, County, to which proceeding the plaintiff was made a party as an adjoining landowner, was a former adjudication of the issue of the dividing line between the property of the plaintiff and that of the defendant; and the plaintiff is estopped to bring the present suit in ejectment because of the judgment or decree of title registration entered in that proceeding.

While it is well settled that an adjoining landowner who is made a party defendant in a land registration proceeding and duly served is bound by the finding in the report of the examiner and the final decree of registration, and will not be allowed to attack the same upon grounds that should have been pleaded as a defense in the main action (*Miller* v. *Turner*, 209 *Ga.* 255, 71 S. E. 2d 517; *Lankford* v. *Milhollin*, 203 *Ga.* 491, 47 S. E. 2d 73), there is no merit to the defendant's contention that the decree registering title to land lots 263 and 264 in the defendant's predecessor in title, is a former adjudication of the dividing line between land lots 264 and 265 so as to estop the plaintiff from proceeding against the defendant in the present suit in ejectment.

The record discloses that the land-registration proceeding was brought by the common grantor of the parties in 1942 to register his title to "all the following described property, to wit, lying and being in the County of Brantley, (originally in Wayne County, Georgia), in 2nd land district, and being original land lots, numbered two hundred and sixty-three (263) and two hundred and sixty-four (264), each containing four hundred and ninety acres, more or less, and being more particularly described in a map or plat of same, recorded in office of Clerk of Brantley Superior Court, in Plat Book No. 1, page No. 2 thereof, being known as the plat prepared by R. A. Thompson, County Surveyor of Wayne County, Georgia, said plat prepared Nov. 5, 1906, after survey, recorded December 9, 1922, and reference had to plat for all purposes." The map or plat referred to, a certified copy of which is in the record, is a drawing of an undivided tract

of land containing 1950 acres and including all or parts of land lots 225, 265, 264, 263 and 268 in the 2nd land district of Brantley County. Said drawing, which is without scale and necessary courses, distances, and identifying marks, is legally insufficient to enlarge upon the general description of the land as given above or to establish the extent and boundaries of the described property.

The record of the land-registration proceeding, including the report of the examiner, is silent as to any attempt made, or any evidence adduced, as to the establishment or location of the extent and boundaries of the land lots in issue upon the ground. Without question the issue of the dividing line between the lands of the parties was not adjudicated in the registration proceeding other than to establish that it was the land line wherever that might be; and it cannot be said, as contended by the defendant, that it was incumbent upon the plaintiff as an adjoining landowner to enter the proceeding without notice of any claim or dispute, and put in issue the extent and boundaries of his land, title to which was not in issue.

Title 22 of the Land Registration Act (Ga. L. 1917, p. 118; Code § 60-217) authorizes the judge or the examiner with the approval of the judge to cause the land to be surveyed (after notice to all adjoining landowners) and order durable bounds to be set and a plat to be fixed among the papers of the suit. This was not done in the proceeding, nor did the applicant introduce into the record an unofficial survey or plat as he could have done (*Harris* v. *Ernest L. Miller Co.*, 213 *Ga.* 748, 101 S. E. 2d 715). To be sure, as pointed out by Judge Powell in his treatise, "Land Registration" at page 37, the applicant "will do himself and those who come after him a distinct service by demanding such a survey [official]; for when such a survey is made, it not only causes definite and durable landmarks to be set, but it conclusively establishes the extent and boundaries of the applicant's tract. A land-line dispute is worse than a nightmare; it should be avoided, by every precautionary means, as if it were a plague." The applicant's failure to take such precuationary means, however, will not estop the plaintiff from proceeding in the present suit in ejectment. As pointed out by this court in

*Crowell* v. *Akin,* 152 *Ga.* 126, 137 (108 S. E. 791, 19 A. L. R. 51): "the relief in ejectment is not coextensive with that which may be had under the land-registration act of this State. In ejectment title can never be settled as against the world. Conversely, relief may be had in ejectment which can not be had under the act, namely, possession of the premises and judgment for mesne profits, etc. The act is not a substitute for ejectment or for the statutory action for land."

The defendant's plea of estoppel by judgment was without merit, and the trial court did not err in denying the defendant's motion for a judgment notwithstanding the verdict for any reasons urged.

2. The trial court did not err in denying the defendant's motion that the issue of estoppel by judgment, raised by its special plea as amended, be tried separately and apart from the issues raised by the defendant's answer. As held in division one of the opinion, the plea was legally insufficient in substance to estop the plaintiff from proceeding in the present case; and the trial judge could have stricken it of his own motion. The trial judge by failing to charge on the issues raised by the plea in effect directed a verdict against the defendant on said plea, and the defendant cannot now justly complain that the court refused to allow the issue presented by the plea to be first tried, but directed the trial to proceed upon all of the issues raised by the pleadings. *Gainesville &c. Ry. Co.* v. *Austin,* 127 *Ga.* 120, 124 (56 S. E. 254). Ground one of the amended motion for new trial is without merit.

3. Under the ruling in division one of the opinion, ground two of the amended motion for new trial, assigning error on the refusal of the trial court to direct a verdict for the defendant, is without merit.

4. Under the rulings in division one of the opinion, the trial court did not err in ruling that "the plat in Plat Book 1, page 2 is a void map and so shows on its face." Special ground four of the amended motion for new trial is without merit.

5. Special grounds three and five of the amended motion assign error on the ruling that the sole question to be put before the jury is: "Where is the northeast corner of lot No. 265 in the

2nd Land District of formerly Wayne, now Brantley, County? and it is the ruling of the court that counsel must confine their argument of the question of what is the northeast corner of land lot 265 in the 2nd Land District of formerly Wayne, now Brantley County, Georgia"; and assign error on the subsequent charge to the jury in accordance with such ruling. The material parts of the charge were as follows: "The court is required by the law to take judicial notice of certain facts, such as the shape and size and relative position of the land lots as originally surveyed, and the effect of such judicial notice, together with the effect of the evidence as introduced in this case, leaves but one issue for the jury to pass upon, and that is whether or not the plaintiff has proved where the northeast corner of original lot of land No. 265 in the 2nd Land District of this County of Brantley is located. . . . All the other contentions of the parties as set forth in their respective pleadings have been resolved into questions of law and have been decided and determined by the court."

It is contended by the defendant that said ruling and charge withdrew from the consideration of the jury all issues raised by the defendant's special plea as amended, and was tantamount to directing a verdict against the defendant thereon; that the same had the effect of substituting the collateral question of the location of the northeast corner of land lot 265 for the main issue in the case, which was the question of the dividing line between lot 264 and lot 265 as originally laid out, established, and actually existing upon the ground; and that the same had the further effect of eliminating from the consideration of the jury the issues raised by the defendant's answer as to it and its predecessor's peaceable possession, and the acquiescence by the plaintiff therein, of the land claimed by it as being a part of its own land lot 264, for a period of 20 years prior to the institution of the present suit.

The ruling and charge of the court complained of are not erroneous for any reason urged. There is no evidence in the record that the line contended for by the defendant as dividing the lands of the plaintiff and the defendant is the original land lot line as actually established and existing upon the ground by the

original survey. Nor is there any evidence in the record showing possession by the defendant, and acquiescence therein by the plaintiff, of the land in dispute.

There was introduced in evidence on the trial of the case a certified photostatic copy of a plat of land lot 265 in the 2nd land district of formerly Wayne, now Brantley, County, Georgia, from a survey made March 28, 1805, the original of which is on file in the office of the Secretary of State. This plat shows that land lot 265 is in the shape of a square, having 70 chains to the side, and containing 490 acres, more or less. The north line of said lot is shown to be a part of the district line separating the 2nd land district from the 3rd land district of formerly Wayne, now Brantley County. These are all facts of which the court may take judicial notice. *Stanford* v. *Bailey,* 122 *Ga.* 404 (50 S. E. 161); *Darley* v. *Starr,* 150 *Ga.* 88 (102 S. E. 819); *Bridges* v. *Brackett,* 205 *Ga.* 637 (54 S. E. 2d 642). The uncontroverted evidence discloses that the concrete post which the plaintiff alleges is to mark the northeast corner of lot 265 is located on the district line which is the north line of land lot 265.

It has been held in a number of decisions by this court (*Payton* v. *McPhaul,* 128 *Ga.* 510, 58 S. E. 50, 11 Ann. Cas. 163; *Osteen* v. *Wynn,* 131 *Ga.* 209, 62 S. E. 37, 127 Am. St. Rep. 212; *Guess* v. *Morgan,* 196 *Ga.* 265, 274, 26 S. E. 2d 424) that, where a land lot in question is in the shape of a square and where one corner of the lot can be ascertained, said corner may be taken as a base point from which two sides of the tract of land may be located, from which parallel lines will extend to enclose the tract. In the instant case the trial court took judicial notice of the size, shape, courses and distances of land lot 265, and in the absence of any evidence as to the existence upon the ground of the original land lot line dividing lots 264 and 265; and the evidence demanding a verdict against the defendant on the issues made by its special plea and answer, we cannot say that the trial judge erred in his ruling and charge to the jury that the sole issue in the case was that of the location of the northeast corner of land lot 265.

*Judgment affirmed. All the Justices concur.*