33134. DAVID v. CRANE et al.

UNDERCOFLER, Presiding Justice.

This land line dispute was resolved by a jury verdict: "We, the jury, find in favor of the defendants and find the boundary to be as shown by the *blue line* we have drawn on Plaintiff's Exhibit No. 1 [on the Owen Patton survey]." The line in contention is the north-south line dividing

plaintiff-appellant Anderson's four land lots from defendant-appellee Crane's four land lots. Anderson now claims that the blue line indicated by the jury is too vague and indefinite to be enforced and contrary to the evidence.

The jury was authorized to find from the evidence that a rock monument shown on the survey introduced into evidence marked the beginning of the line. From that point the jury drew upon the survey a straight line in a southerly direction touching a meandering existing fence, also shown on the survey, in at least one point. This is the blue line which the jury placed upon the survey under the court's charge. There was no objection to the manner in which the jury was authorized to indicate its verdict.

We do not find the verdict too vague and indefinite to be enforced. The survey was prepared by a registered surveyor and has a scale of 1 inch to 300 feet. The rock monument is located by course and distance. The fence is located by distance from established points at six separate points. As stated in *Grant v. Fourth Nat. Bank of Columbus,* 229 Ga 855, 862 (194 SE2d 913) (1972), "However, the plat has two keys which, in our opinion, do render the description sufficient. First, a scale of 1 inch to 400 feet is shown on the face of the plat. This can be employed to locate precisely every call in the description, terminal points and configurations, thus making certain the references 'more or less.' Second, a designation for north also appears on the face of the plat. With this it is possible to identify the exact bearing stated in the description, instead of only 'northerly,' 'southerly' and other such generalities. With these two aids the lines on the plat can be measured and the footage computed in accordance with the scale."

We do not find that the charge to the jury referring to the original division of Lumpkin County into forty-acre land lots by lines running north-south and east-west in any way prejudiced the plaintiff's case. The jury was aware that its duty was to determine the location of the north-south line dividing the parties' property. See *Union &c. Corp. v. Coffee County &c. Club,* 216 Ga. 44 (114 SE2d 511) (1960). Thus we find no error.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 16, 1978 — DECIDED FEBRUARY 7, 1978.

*Robinson, Harben, Armstrong & Millikan, Frank W. Armstrong,* for appellant.

*Thompson, Fox & Brinson, Robert B. Thompson,* for appellees.